H. NELSON, Appellant, *v.* R. GHISELIN, Respondent.

May 19, 1885.

1. PRACTICE—VACATING JUDGMENT.—The trial court may, for good cause shown, vacate its judgment at any time during the term at which it was rendered.

2. ——— APPEAL—REVIEW OF DISCRETION.—The order of the court in vacating the judgment during the term at which it was rendered is subject to review on appeal, but unless it be affirmatively shown that the order is in contravention of the statute, or an oppressive exercise of discretion, the judgment will be affirmed.

APPEAL from the St. Louis County Circuit Court, EDWARDS, J.

*Affirmed.*

ZACH. J. MITCHELL for the appellant: The affirmance of the judgment of a justice is a judgment which can be set aside only within four days thereafter.—*Milligan* v. *Dunn,* 19 Mo. 644; *Matthews* v. *Cook,* 35 Mo. 289; *Marcau* v. *January,* 52 Mo. 523.

DYER, LEE & ELLIS for the respondent.

ROMBAUER, J., delivered the opinion of the court.

This cause, although involving only a small amount, necessarily presents a question of grave practical importance. That question is, to what extent, and subject to what restrictions, trial courts may control judgments rendered by them, during the term at which such judgments are rendered.

The plaintiff obtained a judgment against the defendants before a justice of the peace. The defendants appealed to the circuit court. In that court the case was regularly docketed for trial, for a day certain, and the defendant failing to appear on said day, the circuit court, on motion of the plaintiff, dismissed the appeal and affirmed the judgment of the justice. On a subsequent day of the same term, but more than four days after the

rendition of this judgment, the defendant filed his motion to set aside the judgment and accompanied it with what purports to be an affidavit of merits and diligence, which motion he afterwards, during the same term, against the plaintiff's objections, was permitted by the court to supplement with another affidavit of merits. Subsequently, and also during the same term of court, the court sustained the defendant's motion, and set the case for hearing at a later day of the term, and at the last named day called the case for trial. The defendant announced himself ready for trial, but the plaintiff, by counsel, refused to appear any further in the case, whereupon the court dismissed the case and rendered judgment for the defendant against plaintiff for costs. All this was done during the same term.

Two fact. distinctly appear : First, that at every stage of the proceedings, subsequent to the affirmance of the judgment, the plaintiff was present in court and represented by counsel, and second that the plaintiff saved whatever objections he may have had to the action of the court at the proper time, and in the proper manner. The appellant now claims, as he claimed in the court below, that after the lapse of four days subsequent to the rendition of the judgment of affirmance, the trial court lost jurisdiction to vacate the judgment either upon the defendant's motion or its own, and that all its subsequent proceedings were illegal ; while the defendant claims that although he had no legal right to have his motion considered, the court had the legal power to consider it at any time during the term, and to vacate any judgment rendered by it during the term when such judgment was rendered, either upon the defendant's suggestion, or upon its own motion.

We believe that neither the plaintiff's nor the defendant's position can be sustained to the full extent claimed. Mr. Freeman, in his work on Judgments, states the proposition thus : "The power to vacate judgments was conceded by the common law to all its courts. This power was exercised in a great variety of circumstances,

and subject to various restraints. The practice in the different states is in many respects so conflicting, that few rules can be laid down universally applicable. One rule, however, is undoubted; that is, that the power of the court over its judgments, during the entire term at which they are rendered is unlimited."—Freem. on Judg. sect. 90. An examination of the cases relied upon by the author in support of this text, fails to support it.

The power of trial courts to vacate their own judgments during the term, we conceive is not, and never has been, absolute, but even where not limited by statute, has always been dependent on good cause existing or shown. Were the rule otherwise, the plaintiff in a case like the one before us could be deprived by the trial court of all redress. He could obtain a number of successive affirmances of his judgment before the justice, which might be successively vacated by the circuit court, during the term when rendered, and yet the action of the trial court in thus vacating them would not be subject to review on appeal. Where the statute provides that the court may upon motion filed within a certain time, vacate its judgment, the discretion of the trial court in thus vacating its judgment is not subject to review on appeal, or in any other manner. It may therefore properly be said that the power of the trial court in the case last above stated, to vacate its judgment within the term is absolute.—*Helm* v. *Bassett*, 9 Mo. 52 ; *Keating* v. *Bradford*, 25 Mo. 87. On the other hand the common law power of the trial court to vacate its own judgment, during the term when rendered, in the absence of a statutory limitation, has always been recognized, *sub modo*, in this state.— *William* v. *Circuit Court*, 5 Mo. 248 ; *Richmond* v. *Wardlaw*, 36 Mo. 313 ; *Simpson* v. *Blunt*, 42 Mo. 544; *State ex rel.* v. *Adams*, Supr. Court, Oct. Term. 1884.

In view of the statutory and decided law and the prevailing practice of the courts on this subject, we are inclined to state the rule thus : Where the trial court, during the term when a judgment is rendered, vacates

it, its action in so doing must, in the absence of a show-
ing to the contrary, be considered warranted by the
exercise of its general power. Its action, however, is
subject to review by the appellate court by *mandamus* or
appeal, as the case may be. The party seeking such re-
view must affirmatively show that the action of the trial
court in thus vacating its judgment was either illegal,
because in contravention of some statute, or else that it
should be set aside because oppressively exercised. If
he fails to show one or the other, the action of the court
must stand. Applying this rule to the facts shown by
the record before us, we do not feel justified to disturb
the action of the trial court. The judgment of affirm-
ance in favor of plaintiff, if not irregular, was, to say
the least, informal. The statute (Rev. Stat. 1879, sect.
1000), provides that the judgment of the justice should
be affirmed, yet according to the record entry the court
first dismissed the appeal and then affirmed the judg-
ment, which it could not well do. The defendant's
suggestions to the court tend to show that he has a mer-
itorious defence. The plaintiff was never out of court,
and there is nothing in the record to show that he could
not as well have tried the case on the day on which it
was re-set for trial, as on the day when it was originally
set. There is nothing to show that he had incurred any
expense in preparing for trial, nor if such expense could
be inferred is there anything to show that the court re-
fused to tax costs thus incurred against the defendant.
In fact we fail to see how the record discloses anywhere
any facts of oppression. As the court was not prohib-
ited by any statutory regulation from vacating in this
instance the judgment at the term at which it was rend-
ered, and as its action was in the exercise of a legal
discretion, and not tainted by any circumstances of op-
pression, its judgment must be affirmed. All the judges
concurring, it is so ordered.