CHARLES J. ANDERSON, Respondent, v. A. B. PERKINS *et al.*, Appellants.

St. Louis Court of Appeals, January 17, 1893.

Practice, Trial: VACATION OF JUDGMENT: LACHES OF ATTORNEYS. The attorneys for the defendant in this cause filed an insufficient application for a change of venue, and then left the court. This application was overruled and the cause was tried in their absence. *Held* that they were guilty of laches, and that the refusal of the trial court to vacate the judgment upon motion of the defendant was, therefore, not erroneous.

*Appeal from the Scott Circuit Court.*—HON. H. C. O'BRYAN, Judge.

AFFIRMED.

*Albert De Reign*, for appellants.

The appellant had the right to have his counsel attend and protect his interest at the trial. He was guilty of no negligence. *Fretwell v. Laffoon*, 77 Mo. 26; *Ruggles v. Hall*, 14 John. 112; *Peers v. Davis*, 29 Mo. 184; Hilliard on New Trials, 425; *Delmar v. Martin*, 39 Cal. 555; *Patterson v. Ely*, 19 Cal. 28; *Spaulding v. Meir*, 40 Mo. 176; *Brown v. Sanford*, 44 Wis. 282; *Wyman v. Lee*, 5 Ga. 237; *Meredith v. People*, 84 Ill. 480.

*J. J. Russell*, for respondent.

Aside from the want of statutory authority for this proceeding in attempting to vacate the judgment rendered, the appellants state no equity in their motion, but make it clearly appear that it was purely their neglect, or the laches of their attorneys, and in either case the law is the same. *Biebinger v. Taylor*, 64 Mo. 63; *Gehrke v. Jod*, 59 Mo. 522; *Bowman v. Field*, 9 Mo. App. 576. The absence of an attorney is not a good ground to set aside a judgment. *City of St. Louis v. Murphy*, 24 Mo. 40.

ROMBAUER, P. J.—This suit is upon an account, and was brought to the October term, 1891, of the circuit court of Scott county. The defendant James filed an answer at that term, and the defendant Perkins entered his appearance, and asked and obtained leave to answer by the first day of the succeeding term. On the first day of the April term, 1892, the defendant James appeared and filed an affidavit for a change of venue. This affidavit was insufficient under section 2260 of the Revised Statutes, because it failed to state when knowledge of the existence of the cause for such change came to the affiant's knowledge, or that it came to his knowledge since the adjournment of the last regular term of the court. The motion was overruled, the cause tried in the absence of the defendants, and final judgment rendered against them.

Before the close of the April term, but more than four days after trial, the defendants moved to vacate the judgment on the ground that they made no preparation for trial, relying upon the fact that their motion for change of venue would be sustained; that they had a meritorious defense, and that the defendant James left for home as soon as he filed his affidavit for a

change of venue, and that the motion to vacate the judgment was filed as soon as he could return after being notified of the rendition of the final judgment; also that their regular attorney was unavoidably absent at the April term of court. The court overruled this motion likewise, and this ruling is assigned for error by the appealing defendants.

Judgments rendered by trial courts are within their control during the term when rendered. The court may set them aside for cause, even though the motion for new trial has not been filed within the statutory time. *Nelson v. Ghiselin*, 17 Mo. App. 663. But where the court refuses to vacate a judgment upon a motion filed more than four days after trial, the appellate court will not interfere unless the judgment is erroneous upon the record, or the discretion of the court has been oppressively exercised against the complaining party. In the case at bar the judgment rendered is warranted by the record. The fact, that the trial was had in the absence of the defendants and their attorney, was due to their own laches. They would not be entitled to relief, even if they had filed their motion in time. *Gehrke v. Jod*, 59 Mo. 522; *Peers v. Davis*, 29 Mo. 184; *Fretwell v. Laffoon*, 77 Mo. 26. *A fortiori* are they not entitled to relief, when the granting of such relief depends on the abuse of judicial discretion, and no such abuse is shown?

All the judges concurring, the judgment is affirmed.