FREDERICK W. DEIDESHEIMER, Appellant, v. BERTHA S. DEIDESHEIMER, Respondent.

St. Louis Court of Appeals, March 15, 1898.

1. **Divorce**: ALIMONY: RES ADJUDICATA: DECREE. Having failed to file a motion for new trial the question of proper custody of the children and the amount of alimony becomes *res adjudicata.*

2. **Decree.** The power of a court of general jurisdiction to vacate or modify its judgments or decrees during the term at which they are rendered is unquestioned.

3. **Motion to Modify Decree.** When such motion is filed more than four days after the trial and the court refuses to vacate or modify the judgment, the appellate court can not interfere, "unless the judgment is erroneous upon the record or the discretion of the court has been oppressively exercised against the complaining party."

*Appeal from the St. Louis City Circuit Court.*—HON.
PEMBROKE R. FLITCRAFT, Judge.

AFFIRMED.

LOOMIS C. JOHNSON for appellant.

The motion to modify the judgment having been
filed at the term at which the judgment was rendered,
was sufficient to save exceptions to the action of the
court in rendering the judgment, although the motion
was not filed within four days after the judgment was
rendered; and this court will review the action of the
trial court with respect to that portion of the judgment
sought to be modified.   Childs v. R. R., 117 Mo. 414;
Rattmann v. Schmucker, 94 Mo. 139; Randolph v.
Sloan, 58 Mo. 155;  Downing v. Still, Adm'r, 43 Mo.
309; Field v. Matson, 8 Mo. 686.

KEHR & TITTMAN for respondent.

It is not questioned that a court may within the
term set aside its own judgment.   Whenever by acci-
dent or mistake a judgment has been rendered, which,
if permitted to stand, would result in a miscarriage of
justice, the court may, upon its own motion, or at the
suggestion of the party injuriously affected, set it aside
and should do so.   The cases which usually call for
the exercise of this power are where defaults have been
entered, or a trial had in the absence of the adverse
party and a meritorious defense exists.   The cases
cited by appellant are of this class.   The judgments
therein set aside are *ex parte* judgments.   In the case
at bar, plaintiff's motion was an application to modify
a part of the decree.   The court entertained the mo-
tion, heard and considered it, and overruled it because
it found the motion lacking in merit.

BIGGS, J.—The defendant was granted a divorce from the plaintiff on her cross-bill. The charge was adultery. There were two children born of the marriage, one a boy fourteen years old, the other a girl, aged eleven years. The court gave defendant the custody of the children and awarded alimony in the sum of $60 per month. By the terms of the decree the plaintiff was to have the privilege of visiting the children once a week, conditioned upon the payment of the alimony. The plaintiff failed to file a motion for new trial or in arrest of judgment, but before the expiration of the term, he filed a motion to modify the decree so as to give the custody of the children to him; or, if the court should adhere to the original opinion on the question, that the decree be modified so as to allow him to visit the children oftener than once a week, and that the privilege be granted without limitation or restriction.

As the plaintiff presented no additional evidence on the motion to modify, it is clear that he was not entitled to a decree changing the custody of the children. Having failed to file a motion for new trial the question of proper custody of the children and the amount of the alimony became *res adjudicata*. The statutory authority to alter a decree as to alimony or the custody of children can only be exercised upon new facts occurring after the trial. This is the construction given to statutes similar to our own by the courts of the other states. Bishop, M. D. & S., sec. 877 and 1198; Semrow v. Semrow, 23 Minn. 214; Petersine v. Thomas, 28 Ohio St. 596; Olney v. Watts, 43 Ohio St. 499; Wilde v. Wilde, 36 Iowa, 319; Dubois v. Johnson, 96 Ind. 6; Chandler v. Chandler, 24 Mich. 176.

Is the plaintiff entitled to have the decree modified in respect to the other matters complained of? The

power of a court of general jurisdiction to vacate or modify its judgments or decrees during the term at which they are rendered, is unquestioned.   This action may be voluntary on the part of the court, or it may be done on motion of one of the parties to the judgment. Where such a motion is filed more than four days after the trial and the court refuses to vacate or modify the judgment, the appellate courts can not interfere, "unless the judgment is erroneous upon the record or the discretion of the court has been oppressively exercised against the complaining party." Anderson v. Perkins, 52 Mo. App. 527.   The question then is did the court have the right or jurisdiction to impose conditions upon the privilege granted to plaintiff to visit his children?   We think it had.   This privilege is not an absolute one (2 Bish., M. D. & S., sec. 1203), and not being a matter of right it was subject to limitations and restrictions or it could have been denied altogether.   It was held in State ex rel. v. The St. Louis Court of Appeals, 99 Mo. 216, that in granting divorces the trial courts were justified in taking away privileges of the divorced husband in order to enforce the payment of alimony.   The court having jurisdiction to render the decree, it can not be held "that the judgment is erroneous upon the record."

It follows that the judgment of the circuit court must be affirmed.   All the judges concur.