THENA EWART et al., Appellants, v. R. S. PENISTON et al.

Division One, March 31, 1911.

1. **MOTION FOR NEW TRIAL: Not Filed Within Four Days.** A motion to set aside a judgment, filed by a stranger to the record, cannot be sustained as a motion for a new trial if filed more than four calendar days after verdict and judgment, nor should it be considered as a motion for a new trial.

2. **———: Filed by Stranger.** A motion for a new trial must be filed by a losing party to the suit, and not by a stranger to the record; and a motion by a stranger to set aside the judgment cannot be sustained as a motion for a new trial.

3. **PETITION FOR REVIEW: Filed by Stranger.** A petition to review a judgment must be filed by a defendant in a cause, and a motion filed by a stranger to the record to set aside a judgment cannot be considered as a petition to review the judgment.

4. **SETTING ASIDE JUDGMENT: By Court of Its Own Motion: Statute.** Sec. 2023, R. S. 1909, providing that "only one new trial shall be allowed to either party, except where the triers of the fact shall have erred in a matter of law, and when the jury shall be guilty of misbehavior," upon its face shows that it applies only to cases involving the granting of a second motion for a new trial to the same party. It has no application to the authority of the court to set aside a verdict and judgment upon its own motion. Notwithstanding this statute, a court, upon its own motion, in the interest of justice and at the same term at which the judgment was rendered, may set aside the verdict and judgment.

5. ———: ———: **Upon Motion Filed by Stranger.** An action was brought in the circuit court to establish an alleged will which had years previously been denied probate by the probate court, the plaintiffs being some of the testator's heirs and the defendants his other heirs, but in fact were not adversaries. The verdict sustained the will and there was some evidence to support the verdict. After judgment rendered, but at the same term, a stranger filed a motion to set the verdict and judgment aside, and grant a new trial, asserting that he and others claim to hold title to valuable lands from said testator, which will be jeopardized if said judgment is permitted to stand, and offering to become a party if said judgment is set aside. *Held*, that the court had power to set aside the verdict and judgment of its own motion, in the interest of justice, at the same term; and having done so it will not be held, under the circumstances, that the court abused its discretion in doing so. *Held*, also, that it will not be held that the paper filed by the stranger, though it cannot be considered a motion for a new trial, was improperly permitted to stand on the record, since the court has the right to acquire knowledge in some manner as to whether its judgment, still within its control, has done injustice.

Appeal from St. Louis City Circuit Court.—*Hon. Chas. Claflin Allen,* Judge.

Affirmed.

*H. W. Femmer* and *Barnett & Barnett* for appellants.

(1) The court erred in setting aside the verdict of the jury and granting a new trial on the application of Terry, and erred in overruling plaintiff's motion to strike out said Terry's petition for a new trial for the following reasons: First, because if said application is to be regarded as a motion for a new trial the same was filed too late. All motions for new trial, and in arrest of judgment, shall be filed within four days after the trial, and this was not filed until about twenty-two days after the trial. R. S. 1909, sec. 2025; St. Joseph v. Robinson, 125 Mo. 1; Campbell v. Cassville, 130 Mo. App. 102; Wright v. Fetters, 121 Mo.

App. 588; Scullin v. Railroad, 192 Mo. 1; State v. Fawcett, 212 Mo. 729. Second, if said application of Terry is to be construed as a petition for a review, under secs. 2100 and 2104, R. S. 1909, then the said petition could not have been properly considered by the court, because under such sections no one but a defendant in the cause can file any such petition for a review. R. S. 1909, sec. 2101. Section 2104 says that no judgment shall be set aside unless the petition for review shall state the existence of facts set forth in section 2101. (2) The verdict of the jury and the finding and judgment of the court is final, saving to the court the right of granting a new trial as in other cases. R. S. 1909, sec. 556. The above section is conclusive as to the effect of the judgment in this case and the same cannot be attacked or set aside except by granting a new trial as in other cases. There will be no ground for granting a new trial here, as in other cases, because no motion for a new trial was filed within four days or at any other time and no petition for a review has been filed by any party to the suit. Therefore, the verdict of the jury and the judgment must be final, and the court erred in setting aside the verdict and granting a new trial. (3) Even though this application for a new trial had been timely and in proper form it should not have been sustained because Albert T. Terry is not a party to this suit. It is not necessary to make all parties who may have an interest in the land formerly owned by Sublette parties to this suit. Such would be impracticable and result in a denial of justice. It is only necessary to make the legatees under the will, or those claiming under them, and the heirs at law of Sublette, parties to the suit. All persons who may be interested in the estate are not necessary parties. Kischman v. Scott, 166 Mo. 224. Here the petition alleges and the evidence sustains the allegation that the parties to the suit are all the heirs and legatees of Sublette. There is no alle-

gation that Terry is an heir or descendant of Sublette. He is a stranger, a volunteer, and the fact that he may have some interest in the property of Sublette by purchase does not make him a necessary party to the suit. (4) If Terry was a necessary party to the suit, he has not sought to make himself a party. In his paper he does not move the court for permission to be made a party and does not offer to file any answer therein. He simply asks that the judgment may be set aside, so that any party who may so desire at the next trial, may appear and be heard. Should the court below be authorized to set aside the verdict of a jury and its own judgment, upon the mere general statement that there are other parties, who are interested in the litigation, without giving their names or without going into court and offering to be made parties to such suit, there could be no final determination of any litigation. (5) There is no law authorizing any person to be made a party defendant upon his own demand, in a suit previously pending, because his interest may be affected by the controversy in some collateral way. He cannot intrude himself or force himself into the case. Kortjohn v. Seimers, 29 Mo. App. 271; Boyer v. Hamilton, 21 Mo. App. 521. The trial court cannot set aside a verdict of a jury and its own judgment for the mere causes that it may deem sufficient, but is bound, in the exercise of its discretion in setting aside such verdict and judgment, to the causes mentioned in Sec. 2023, R. S. 1909; State ex rel. v. Adams, 84 Mo. 316.

*A. & J. F. Lee* and *Eliot, Chaplin, Blayney & Bedal* for petitioner.

(1) Courts having common law jurisdiction possess the inherent power to set aside their own judgments at any time during the term in which they are rendered, with or without motion, where the judge is

of the opinion that for any reason an injustice has been done, or a fair trial was not had. Scott v. Smith, 133 Mo. 618; Rottmann v. Schmucker, 94 Mo. 139; Hesse v. Seyp, 88 Mo. App. 66. (2) The appellate courts will not interfere with such action of the trial court, in setting aside a judgment and granting a new trial, unless the trial judge has acted arbitrarily and oppressively. (3) The statutory provisions pertaining to the granting of a new trial are not the only authority of a court to grant a new trial. The court has a common-law power to make such order, for good reason, on its own motion, or at the suggestion of a party. Fine v. Richards, 15 Mo. 315; Garneau v. Herthel, 15 Mo. 19; Hewitt v. Steele, 118 Mo. 463; Nulton v. Croskey, 111 Mo. App. 18. (4) Under Sec. 556, R. S. 1909, the court, in the matter of probating a will in solemn form, has the right of granting a new trial, as in other cases. (5) The action of the trial court was not only not arbitrary nor oppressive, but was taken to avoid a judgment based upon mistake and not supported by the evidence, and which, if permitted to stand, worked an injustice—since: 1. A proceeding, under Sec. 555, R. S. 1909, is a proceeding *in rem* and binding upon all the world. Watson v. Alderson, 144 Mo. 345; Jourden v. Meier, 31 Mo. 40. 2. Where a will has once been probated in solemn form, equity will not set aside nor modify nor avoid the judgment establishing the will. Woerner on Administration (2 Ed.), sec. 497; Stowe v. Stowe, 140 Mo. 594. 3. A judgment probating a will in solemn form is an entirety, and, if valid, binds not only all who were parties to the proceeding, but everyone whose interests are affected by the will. Wells v. Wells, 144 Mo. 198; Rush v. Rush, 19 Mo. 441. (6) One offering a will for probate in solemn form pursuant to Sec. 555, R. S. 1909, must be a party interested in the probate of the will—that is, one who will take under the will. A failure of a proponent to prove

that he is such a party is just as fatal as a failure of a plaintiff in any other action to prove that he is a proper party plaintiff. R. S. 1909, sec. 555. (7) The probate of a will in solemn form (R. S. 1909, sec. 555) requires that an issue be made, and the proceeding is *inter partes* and requires notice to all parties in interest. Woerner on Administration (2 Ed.), sec. 500; Eddy v. Parke, 31 Mo. 513; Rush v. Rush, 19 Mo. 441; Wells v. Wells, 144 Mo. 198. The parties in interest are: 1, the beneficiaries under the will, other than the proponents; 2, the heirs at law of the decedent. (8) Those who have by attachment, execution, conveyance or otherwise, acquired an interest and title in decedent's property, through an intestate devolution of decedent's property—which interest and title would be affected, impaired or destroyed by the probating of decedent's will—are entitled to be made parties to the probating of a will in solemn form. Alderson v. Watson, 146 Mo. 333; In re Langevin, 45 Minn. 429; Smith v. Bradstreet, 16 Pick. 264; Davis v. Leete, 111 Ky. 695; Foster v. Jordan, 130 Ky. 445; Brooks v. Paine, 123 Ky. 271. (9) The ten-year Statute of Limitations applies to the probating of a will in common form. Foster v. Jordan, 130 Ky. 445; Reid's Administrator v. Benge, 112 Ky. 810; Cleveland Orphan Institution v. Helm, 24 Ky. Law Rep. 2485.

GRAVES, P. J.—Action in the circuit court of the city of St. Louis to establish the alleged will of Solomon P. Sublette. Plaintiffs and defendants are alleged to be the only heirs at law of the said Solomon P. Sublette, as well as the only beneficiaries under the said will. It appears that there was an attempt to probate the will in the probate court of the city of St. Louis in 1896, but the same was rejected. The petition avers that the plaintiffs are and for years had been married women, and thus they sought to obviate the bar of the Statute of Limitations. Upon a

trial before a jury in the circuit court plaintiffs had a verdict establishing the paper writing as the last will and testament of Solomon P. Sublette, deceased. Proper judgment followed such verdict December, 13, 1907.

On January 3, 1908, one Albert T. Terry, a stranger to the record, filed a motion in which it is suggested that there are a great number of persons interested in the probate of this said will: "————who claim to own and hold the title to, as heirs and purchasers under said Solomon P. Sublette, large and valuable tracts of land located in the city of St. Louis, Missouri, and elsewhere, which titles are based upon the death of said Solomon P. Sublette without a will and the descent of his property to his heirs at law." It is averred that the petitioner is one of such persons and the land he so claims is described. The pleading filed by Terry thus concludes:

"Wherefore your petitioner shows the court that he is in danger, unless the court is willing to exercise its discretion by setting aside said decree, of losing title to the valuable property which he and those under whom he claims have held for over half a century and without having an opportunity to defend his title before this court.

"Wherefore your petitioner respectfully prays that the court set aside the judgment and verdict in this case and order a new trial of the issues herein at which time there may be present and participating such other and further parties as will represent the heirs at law at this time and those who would take by descent and distribution the estate of Solomon P. Sublette and such other and further parties may be heard as claim title to the various parcels of the property embraced in the estate of Solomon P. Sublette, deceased, and that this petitioner and such others of the claimants of title in said property, or persons who are liable under warranty deeds covering said property,

as desire to be made parties herein be allowed to enter their appearance herein as defendants.''

Such motion was verified, but no answer to the plaintiffs' petition was tendered therewith. As against this motion the plaintiffs filed the affidavit of James T. Roberts, in which it is said:

''Affiant further states that he has been connected with this litigation for two years and in connection with said litigation he has familiarized himself with the genealogy of the Sublette family and particularly the genealogy of the testator, Solomon P. Sublette, and affiant verily believes that Thena Ewart and Martha Brass, the plaintiffs in this cause, and Robert S. Peniston, John N. Dalby, Nannie B. Wilburn and Lucy Harris are all of the beneficiaries under the will of the testator propounded in this cause, either taking directly under the will or as purchasers from other devisees.

''Affiant further states that the petitioner, Albert T. Terry, is not one of the heirs at law of Solomon P. Sublette, the testator, nor is his grantor, nor is anyone under whom Terry or his grantor claim one of the heirs at law of the said Solomon P. Sublette, but in truth and fact Albert T. Terry, and those under whom he claims, are strangers to the blood of Solomon T. Sublette and have no rights to be made plaintiffs or defendants in this cause.

''Affiant further states that the plaintiffs and defendants in this cause are not only the only beneficiaries and devisees under said will, but they are also all of the heirs at law of Solomon P. Sublette now interested in said estate. Further affiant saith not.''

Plaintiffs also filed a motion to strike out the said motion of Albert T. Terry, which was overruled by the trial court and the judgment establishing the will was set aside, by the following judgment of the said court:

"Now at this day the petition of Albert T. Terry filed herein January 3, 1908, verified by affidavit, to set aside the decree of this court and for a rehearing, coming on to be heard, comes said petitioner, by his attorney, come also the plaintiffs, by their attorneys, thereupon said parties submit to the court the said petition of Albert T. Terry for a rehearing; also the plaintiffs' motion, filed herein January 8, 1908, to strike from the files the petition of said Albert T. Terry for a rehearing; also the affidavit of James T. Roberts filed herein January 10, 1908; and the court having heard and fully considered all of said matters and things, and being now fully advised of and concerning the premises, doth order that plaintiffs' motion to strike from the files the petition of Albert T. Terry for a rehearing and plaintiffs' objection to said petition for a rehearing, be and the same are hereby overruled. And the court doth further order that the petition and motion of said Albert T. Terry for a rehearing be and the same is hereby sustained, and the court being satisfied that a mistake has been committed by a witness or witnesses concerning the heirs at law and parties interested in the subject-matter of this proceeding, whereby necessary and proper parties of said proceeding were not made parties thereto, and being also satisfied that an improper verdict and finding was occasioned by such matters, and because of want of evidence to sustain the verdict, doth, upon the petition of said Albert T. Terry and also upon its own motion and in the exercise of the discretion of the court and during the terms of this court, to-wit, the December Term, 1907, at which said verdict and judgment was rendered and entered, order that said verdict and judgment be and the same is hereby set aside, vacated and for naught held and esteemed."

From such order and judgment the plaintiffs have appealed. Points made will be noted in the course of the opinion.

I.   This case presents some peculiar phases.   It is evident from the record that both plaintiffs and defendants were anxious to have the will established, and to that end there was no real opposition to plaintiffs.   It is also evident that the case made was not extremely strong, because with no opposition in the trial, plaintiffs were only able to secure a verdict from ten jurors.   This, where there is no contest, is rather significant.   But this is really adrift.   Plaintiffs did secure a verdict and a judgment, which the court later, although at the same term, set aside.   Was there error in the action of the court in this regard, conceding there was some evidence to sustain such verdict and judgment?

This action of the court must be viewed in this opinion from two standpoints, (1) whether or not the court could act upon the motion of Terry, a stranger to the record, and (2) whether the court could act of its own motion.   Of these in order.

II.   The application of Terry cannot be sustained on the theory of being a motion for new trial for two reasons, (1) because not filed in time, and (2) because filed by a stranger to the record.

This document was filed more than four days after the verdict and judgment, and as a motion for new trial was out of time.   As a motion for new trial it should not have been considered, [R. S. 1909, sec. 2025; St. Joseph v. Robison, 125 Mo. 1; Scullin v. Railroad, 192 Mo. 1.]   The four days mentioned in the statute, supra, are calendar days, not court days. [Long v. Hawkins, 178 Mo. 103.]

It is true that calendar days have been defined to be and are "working" days, as distinguished from Sunday.   [Cattell v. Publishing Co., 88 Mo. 356; National Bank v. Williams, 46 Mo. 17; State v. Harris, 121 Mo. 445.]

As a motion for new trial it cannot be sustained

for the further reason that it was filed by a stranger to the record. The law contemplates that motions for new trial must be filed by the losing party and not by a stranger. Persons desiring to be made parties to a suit before trial can file application to that effect, but after trial, the motion for new trial must come from the losing party. Strangers to the record should not be permitted to appear at this point of a proceeding. This is especially true of Terry in this case, who in his application for a new trial of the case does not tender an answer or even ask to be made a party to the suit.

What we here say applies to this instrument filed by Terry purely as a motion for new trial. What has thus far been said does not apply to it as a pleading in any other sense than a motion for new trial. Other phases of the question we take later.

Neither is it good under our statute as a petition for review. Such petitions must be filed by a defendant in the cause, and Terry was not a defendant in this cause. [R. S. 1909, sec. 2101, *et seq.*]

Counsel for Terry who have filed briefs in the cause do not seriously contend that this instrument filed by Terry could be sustained upon the ground of its being either a proper motion for a new trial or a petition for review.

Their contention we take next.

III. It is urged that the court was fully authorized to set aside the verdict and judgment of its own motion. The plaintiffs say, however, that the court is only authorized to set aside a verdict upon its own motion for one or both of the two grounds mentioned in section 2023, Revised Statutes 1909, which reads: "Only one new trial shall be allowed to either party, except: First, where the triers of the fact shall have erred in a matter of law; second, when the jury shall

233 Sup.—45

be guilty of misbehavior; and every order allowing a new trial shall specify of record the ground or grounds on which said new trial is granted.''

This section in our judgment does not apply to this case. Upon its face it is shown to apply only to cases involving the granting of a second motion for new trial to the same party. In support of their contention counsel for plaintiffs cite us to the case of State ex rel. Brainerd v. Adams, 84 Mo. 310. There is language in that case which lends color to the contention made that the court of its own motion can only set aside a verdict for the reasons specified in the statute, but when the whole opinion is considered we hardly think it susceptible to the construction urged. Especially, in a case where no previous motion for new trial had been granted. In that case, Judge Adams of the circuit court had set aside a verdict of his own motion. By mandamus in the St. Louis Court of Appeals the relator sought to compel him to enter judgment upon the verdict. The St. Louis Court of Appeals directed the judgment to be entered, and further directed that after such entry of judgment the trial court permit the filing of a motion for a new trial within four days. There were cross appeals from this judgment of the Court of Appeals. [State ex rel. v. Adams, 84 Mo. l. c. 314.] The case was finally disposed of here by this language in the concluding portion of the opinion: ''The judgment of the Court of Appeals is reversed and the cause remanded to that court, with directions to enter a judgment refusing the peremptory writ.'' It therefore appears that this court refused to let the writ go directing a judgment to be entered upon the verdict, although the court had set aside such verdict of its own motion.

The statute invoked has from an early day been construed in this State. It has always been construed as applying to a second motion for new trial urged by the same party. [Boyce's Admr. v. Smith's Admr.,

16 Mo. l. c. 321.]   In that case it was said: "The ob-- ject of the law, in restraining courts from granting the same party two new trials, is to prevent the sub- stitution of the verdict of the court for that of the jury.   When two juries, on the same issue, find the same verdict, the law will not permit the court to in- terfere with the last finding, as the jurors are the con- stitutional triers of the facts. . . In specifying the causes for which a second new trial could only be granted to a party, the statute proceeds upon the sup- position that the law has been correctly expounded to the jury, and the statute only applies to those cases in which this has been done."   Even at this early day Judge Scott concedes that it only applies to a second motion for new trial.   Not only so, but from the last paragraph quoted above he recognizes that the stat- ute really has reference to the finding of fact made by the jury when such jury has been properly instructed. So too in the later case of State ex rel. v. Horner, 86 Mo., l. c. 73:   "We are of the opinion that this stat- ute put no limit to the number of new trials a circuit judge may grant either party when the new trials are granted on account of errors committed by him in giv- ing or refusing instructions, or in admitting or reject- ing evidence.   Nor does it put any limit on the num- ber of new trials he may grant when the jury err, either in a matter of law, or where they are guilty of misbehavior.   From the earliest history of juris- prudence in this State, to the present time, this court has not only recognized the right, but declared it to be the duty of the circuit judge to correct his own errors committed in the conduct of a cause tried be- fore him, and in recognition of this we have invariably held in numerous cases that when evidence is received or rejected, or instructions are given or refused, over the objections of a party made at the time, this court will not, on appeal or writ of error, notice such ob- jections, unless the error of the court complained of

is again brought to the attention of the court, especially, in a motion for new trial, so that the judge may first have the opportunity of correcting his own errors, if any have been committed. We have gone further than this and in a number of cases have held that we will not interefere with a judgment upon the ground that the verdict is against the weight of the evidence, one ground of the ruling being that the circuit judge in whose presence the witnesses testified, was in a better position to pass upon such a question than this court. *It is clear, we think, that the said statute invoked by relators was only intended to interdict the granting of a second new trial to the same party only in a case where such party has had one new trial granted to him on other grounds than error committed by the court in the progress of the trial, or on other grounds than that the jury erred in a matter of law, or had been guilty of misbehavior.* In speaking of said statute, it was observed by Judge Scott in the case of Boyce v. Smith, 16 Mo. 317, that 'in specifying the causes for which a second new trial could only be granted to a party, the statute proceeds upon the supposition that the law has been correctly expounded to the jury, and the statute only applies to those cases in which this has been done.' If said statute only applies to those cases in which the law has been properly expounded to the jury, it conclusively follows that it cannot be applied to the first new trial granted defendant in 1877, because the demurrer to respondent's return admits the fact therein stated that such new trial was granted on the sole ground that the law was not properly expounded by the court to the jury. And from this it also necessarily follows that defendants have never had a new trial granted them within the meaning of the said statute, and that the new trial which respondent proposes to grant defendants on the ground that the damages awarded by the jury in the second verdict were ex-

cessive, would be in contemplation of said statute the first new trial granted them.''

Again in Kreis v. Railroad, 131 Mo. l. c. 544, we said: ''Our conclusion is that a proper construction of the statute gives the trial court the right to grant to either party one new trial on the ground of the insufficiency of the evidence to support the verdict of the jury, regardless of the number of new trials that may have been granted to such party upon other grounds.''

Those cases outline the conception of this court as to the statute relied upon by the plaintiffs, and urged by them in this case. We are not impressed with its application to the case at bar. We are of opinion that courts, upon their own motion, may, in the interest of justice, and during the same term of the court, set aside their judgment and the verdict upon which it was entered, notwithstanding this statute. The statute does not preclude the court in the exercise of its common law powers to protect the sanctity and justice of its own judgments, if such power is exercised at the term, and before the court has lost control of such judgment by the lapse of the term.

It has been well said by BLAND, P. J., in Head v. Randolph, 83 Mo. App. l. c. 287: ''A trial court has the undoubted authority at any time during the term at which a judgment was rendered, if the trial judge believes a fair trial has not been had, or for any cause there has been a failure of justice, to set aside the judgment and grant a new trial, of its own motion, or on a motion for new trial. [Scott v. Smith, 133 Mo. 618; Ensor v. Smith, 57 Mo. App. 585; Wight v. Railroad, 20 Mo. App. 481.] And it may set aside a judgment for cause and grant a new trial, even though the motion was filed out of time, if done before the adjournment of the term at which the judgment was rendered. [Nelson v. Ghiselin, 17 Mo. App. 663; McLaran v. Wilhelm, 50 Mo. App. 658; Anderson v. Per-

kins, 52 Mo. App. 527; Martin v. Tobacco Company, 53 Mo. App. 655.] But after the lapse of the term, the court loses jurisdiction over the cause and has no authority to set aside the judgment."

In Scott v. Smith, 133 Mo. l. c. 622, this court said: "In the absence of a statutory limitation, a trial court possessing general jurisdiction and proceeding according to the course of the common law has control of its judgments of the character of this one during the term at which they are rendered, and power to vacate them in its discretion. [Williams v. Circuit Court, 5 Mo. 249; Rottman v. Schmucker, 94 Mo. 143; Nelson v. Ghiselin, 17 Mo. App. 665.] While the discretion is judicial, yet it should not be interfered with by appellate courts unless arbitrarily and oppressively exercised."

In Rottman v. Schmucker, 94 Mo. l. c. 144, we further said: "That a court of general jurisdiction, proceeding according to the course of the common law, has unlimited power during the whole of the term over its judgments rendered at such term is a rule of universal application. [Freeman on Judgments, sec. 90.] Until the end of the term its judgments are in the breast of the court, and may be modified, vacated, or set aside, as justice demands, becoming absolute only upon the adjournment of the court for that term, and no good reason is perceived why the same rule should not apply to those judgments of the probate court, whose verity is as unquestionable after they become absolute as those of the circuit court."

Again in Aull v. St. Louis Trust Co., 149 Mo. 13, we said: "The power of a court over its judgments during the entire term at which they are rendered, is one of its common law powers, of which it can only be deprived by statutory enactment. [1 Freeman on Judgments (4 Ed.), sec. 90.]" On the next page we quote with approval what was said in the Rottman case, supra.

In 29 Cyc. 722, the general rule as to courts possessing common law powers, is thus stated: "Courts of general common law jurisdiction have inherent power to grant new trials. And statutes conferring on appellate courts authority to grant new trials do not take away or restrict this inherent power of courts of general jurisdiction, unless the intent to do so is clear. Whether the mere enumeration by statute of grounds for new trials restricts the power of courts of general jurisdiction in granting new trials to such grounds is a disputed question." From our State the author cites the case of Bartling v. Jamison, 44 Mo. 141. In that case, Judge BLISS said: "That courts of general common law jurisdiction have the right to review and set aside the verdict of a jury found in its own court, and grant a new trial, has been maintained for some two hundred years, though its exercise was rare in the common law courts, especially in King's Bench, until the clear and masterly exposition of its necessity by Lord MANSFIELD, in Bright v. Eynon, 1 Burr. 394. Courts of similar jurisdiction in the United States have universally, so far as I am advised, exercised the power, whether given by statute or not. Section 25, chapter 169, General Statutes, which provides that 'the court may award a new trial of any issue upon good cause shown, but not more than one new trial of the same issue shall be granted to one party,' is rather a limitation upon, than grant of power to, the circuit court. The granted authority varies in no manner from the pre-existing power, for courts always based their action upon 'good cause shown,' real or supposed. Among the causes were misconduct of the jury or of any juryman, disregard of the law as given by the court, newly-discovered evidence, excessive damages, etc. No court would be tolerated in its arbitrary exercise, although it is a power resting in a sound legal discretion and the reasons are not always stated upon

the record." Further discussing the question at page 759 of the same volume the learned author says: "In some States the statutory enumeration of the grounds for new trials is exclusive. In other States the statutes are construed as not limiting the powers of courts of general jurisdiction to grant new trials on any common law grounds. At early common law a new trial might be allowed whenever injustice appeared to have been done by a verdict." This State is classified by the author as belonging to the list of States whose statutes do not prevent courts from acting in the course of the common law, and granting a new trial for reasons other than those specifically mentioned in the statutes. [See Fine v. Rogers, 15 Mo. l. c. 320.]

Reverting, therefore, to the judgment of the court in the case at bar, we are of opinion that the trial court in the exercise of its discretion had the right to set aside its judgment, as well as the verdict of the jury upon which it was based. Nor would we say the paper filed by Terry was improperly permitted to stand of record. As a motion for new trial it could not be considered, and in so far as the trial court considered it in that light there was error. But trial courts have permitted motions for new trial filed out of time to remain on file, and the court of its own motion granted a new trial. If trial courts are to exercise their common law rights in protecting the sanctity and justice of their judgments, such courts must acquire knowledge in some manner as to wherein injustice has been done.

We cannot say in this light that the instrument filed by Terry was improper. It no doubt occasioned the investigation by the court upon its own motion. When this whole record is considered we cannot say that the court did violence to its discretionary powers in setting aside the judgment in this case. Unless we can so say we should not interfere. If plaintiffs have a meritorious cause, it can be fully shown upon a re-

trial. We shall not discuss the law as to the necessary or proper parties to the suit, but leave that to the determination of the court *nisi*, should application be made. The present judgment in so far as the court purports to have acted upon its own motion should not be disturbed, and inasmuch as with this left standing the new trial was proper, we affirm the order granting the new trial. *Valliant* and *Woodson, JJ.*, concur; *Lamm, J.*, does not sit.