Matt SARICH et al., Relating Specifically to
Parcel 1153 S. Gilboe, Defendants,

Erroll Thielecke, Defendant-Respondent,

v.

Edith L. MUNDAY, Movant, and Sorkis J.
Webbe, Administrator of the Estate of S.
Gilboe, Deceased, Movant, Appellants.

No. 34189.

Missouri Court of Appeals,
St. Louis District.

Feb. 22, 1972.

————◆————

W. W. Sleater, St. Louis, for movants-appellants.

Tyree C. Derrick, Ronald A. McClary, St. Louis, for defendant-respondent.

SMITH, Judge.

This is an appeal from the action of the trial court denying motions filed by appellants to set aside an order of substitution of respondent Thielecke as a party defendant in a condemnation case.

At the time of the order of substitution the court held $1728.40 as an award in condemnation for S. Gilboe, the owner of the property. Thielecke filed a motion for substitution as a party defendant alleging himself to be the only heir of the deceased, S. Gilboe. At the hearing on the motion Thielecke testified to the death of S. Gilboe, his mother; that she was a resident of Michigan; that he had opened an estate for her in Michigan which was still open; and that he was her only heir. On March 18, 1970, the motion for substitution was granted and the clerk directed to pay the money to Thielecke.

On March 23, 1970, movant Munday filed a motion as a creditor of Thielecke, to set aside the order of substitution and to require Thielecke to return the money to court. It was alleged in this unverified motion that Thielecke was not the legal representative of Gilboe, and that the court's order had deprived Munday of the opportunity to levy execution and garnishment against the sum. On May 8, 1970, movant Webbe filed a motion requesting the court to grant the creditor's motion. Webbe's motion alleged that on May 7, 1970 he was appointed administrator of Gilboe's estate and had the responsibility to marshal the assets of Gilboe's estate. Neither Munday nor Webbe ever requested leave to intervene or to be substituted as a party defendant.

The trial court denied both motions on December 9, 1970. Munday's was denied because as a creditor of Thielecke, not Gilboe, she had no interest in the Gilboe estate. Webbe's was denied because the only relief he sought was the sustaining of Munday's motions which could not be done because of her lack of interest in the estate. This appeal followed.

We need not reach the correctness of the court's order of March 18 or of its ruling on December 9. Neither Munday nor Webbe made any attempt to become parties to this litigation. They were strangers to the record and had no status to file their motions. It has long been the law in this state that motions filed after judgment by strangers to the record present nothing for the court to rule on. Ewart v. Peniston, 233 Mo. 695, 136 S.W. 422, 1. c. 424; Chain Yacht Club v. St. Louis Boating Ass'n., Mo.App., 225 S.W.2d 476, 1. c. 479.

Appeal dismissed.

PER CURIAM:

The foregoing opinion by SMITH, J., a commissioner when the case was submitted to the Court, is adopted as the opinion of this Court. Accordingly, the appeal is dismissed.

BRADY, C. J., DOWD, J., and LACKLAND H. BLOOM, Special Judge, concur.