**STATE of Missouri, ex rel. John D. ASHCROFT, Attorney General, Plaintiff-Respondent,**

v.

**AMERICAN TRIAD LAND CO., INC., Goose Creek Land Co., Inc., James Higgins, Brad Eisenbeis, and Stuart McCaleb, Defendants-Respondents,**

Donald Steele, Gary P. Bourisaw, Geneva Haverstick, Robert Snelsen, John R. Hays, George H. Lando, and Ronald E. Harryman, as Trustees of Goose Creek Development Under Indenture of Trust, Intervenors-Appellants.

No. 50348.

Missouri Court of Appeals, Eastern District, Division One.

June 24, 1986.

Edward C. Cody, St. Louis, for intervenors-appellants.

William L. Webster, Peter Lumaghi, St. Louis, for plaintiff-respondent.

SNYDER, Judge.

Intervenors appeal from the trial court judgment denying appellants' motion to intervene pursuant to Rule 52.12(a). Appellants sought to intervene and set aside specific portions of a "Stipulation for Consent Injunction" entered into between plaintiff-respondent State of Missouri and defendants-respondents land developers. Appellants insist they should have been permitted to intervene as a matter of right under Rule 52.12(a). The judgment is affirmed.

Appellants are the elected trustees of a subdivision in which they own residential property in the Goose Creek Development of St. Francois County, Missouri, and are also among a class of plaintiffs suing defendants, two defunct Missouri corporations—Goose Creek Land Company, Inc. and American Triad Land Company—and James Higgins, an individual who acted as both president and director of each of the two corporations, in a separate cause of action.

Appellants state that the other lawsuit was filed in St. Francois Circuit Court styled *Del Gaugel, et al. v. Goose Creek Land Co., et al.*, cause no. 27950, although neither the petition nor any other court document concerning this case was included in the legal file.

After the trustees' class action suit was filed, the Missouri Attorney General filed a separate petition in the case under review representing the State of Missouri against the same defendants, but adding as additional defendants Brad Eisenbeis, secretary-treasurer and director of American Triad Land Company, Inc. and Stuart McCaleb statutory trustee of the defunct corporations.

The attorney general, acting for the state, brought its action against the defendants-respondents pursuant to § 407.-100 RSMo. 1978 (amended by law, effective date May 31, 1985, Supp.1985), a section of the Merchandising Practices Act. The state sought injunctive relief, civil penalties, an order of contempt for failure to follow a previous injunction and a fine.

Appellants say in their brief that they filed a motion to consolidate their class action suit with the case filed by the state because some of the allegations in appellants' suit parallel allegations in the state's case. No record of the motion for consolidation was filed with this court, but appellants assert that creditors of defendants-respondents American Triad Land Co. and Goose Creek Land Co. filed a bankruptcy proceeding in the federal district court in St. Louis. A request for an automatic stay was granted sometime in late November or December of 1984 and the consolidation effort, according to appellants, was "frustrated".

Settlement negotiations in the attorney general's lawsuit took place in the late winter or early spring of 1985. Appellants, respondent-plaintiff, respondents-defendants, the receiver in bankruptcy, a representative of the secured creditors and Mr. McCaul, an engineer, were all participants in these settlement negotiations, although appellants were not parties to the state action.

A copy of a written settlement proposal was sent to appellants in May of 1985. Appellants through their attorneys responded to the proposed settlement by a letter dated June 4, 1985 stating their views on the proposed settlement. The letter expressed satisfaction with parts of the consent judgment but also requested that certain changes be made.

On June 7, 1985 a stipulation for a consent injunction was agreed upon by the State of Missouri and the named defendants, American Triad Land Company, Inc., Goose Creek Land Company, Inc., James Higgins, Brad Eisenbeis and Stuart McCaleb, and approved by the trial court of St. Francois County. On June 27, 1985 the stipulation for consent injunction was amended in respects not pertinent to this appeal on motion of the court appointed receiver.

Appellants filed a motion to intervene and an intervention pleading on July 3, 1985. The trial court heard argument on the motion and denied it on July 8, 1985. Appellants, prospective intervenors, then filed a notice of appeal with this court challenging the trial court's decision not to allow them to intervene in the state's case.

■ Appellants have the right to appeal from the denial of their motion to intervene. *State ex rel. Reser v. Martin,* 576 S.W.2d 289, 291 (Mo. banc 1978). Rule 52.12(a) reads:

Rule 52.12. Intervention

(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

No statute confers an unconditional right for appellants to intervene. Therefore, appellants' motion must satisfy all three requirements enumerated in the rule namely: 1) an interest; 2) a disposition of an action which may impede their ability to protect that interest; and 3) inadequate representation of that interest. A threshold question arises: was the application for intervention timely as required by Rule 52.12(a)?

■ Application for intervention as a matter of right must be timely. *Model Housing and Development Corporation v. Collector of Revenue,* 583 S.W.2d 574, 576[1] (Mo.App.1979). An application for intervention subsequent to trial, judgment or decree is not timely unless "substantial justice mandates otherwise." *Id.* A judgment or decree entered by consent of the original parties fits within the general rule against intervention after entry of a final judgment or decree. 59 Am.Jur.2d *Parties* § 168 (1971). *See also* Annot., 57 A.L.R. Fed. 150 § 15[c] (1982).

■ There is no evidence in the record that would lead to the conclusion that "substantial justice" mandates intervention by the appellants. Appellants did not file the intervention pleading until after the consent judgment had been entered. Appellants were aware of the settlement negotiations between the named parties of the suit and even participated in the negotiations. Appellants had ample time to file their intervention pleading prior to the entry of the consent decree to protect their alleged interest in the outcome of the suit.

Appellants argue that because they were consulted during the settlement negotiations they believed in good faith their interests were protected and that they should have been consulted further prior to the entry of the consent injunction. That appellants were consulted prior to the consent decree emphasizes that they had notice the state's case might be settled, and that, in order to protect their interest, they should have intervened.

■ Even if the intervention pleading had been timely, the trial court should have denied the motion to intervene because appellants failed to meet all three requirements of Rule 52.12(a). Nothing in the record shows that appellants' ability to protect their interest in property will be impaired or impeded by the terms of the consent judgment.

Appellants have failed to include in the record on appeal the petition filed in their lawsuit against the defendants-respon-

dents, or any record of the motion to consolidate. Therefore, it is impossible for this court to compare the allegations in appellants' petition to the terms of the consent injunction for possible collateral estoppel or res judicata ramifications. This court must rely on the record before it which fails to show that the entered consent injunction will impair or impede appellants' ability to protect their interest.

The motion to intervene was not timely; substantial justice does not mandate intervention; further, there is no proof that appellants' ability to protect their interest will be impaired. Therefore, the judgment is affirmed.

CARL R. GAERTNER, P.J., and SMITH, J., concur.