John and Beverly **FROST**, Appellants,

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Respondent.**

No. 73315.

Supreme Court of Missouri, En Banc.

July 23, 1991.

Rehearing Denied Sept. 10, 1991.

Leonard Breon, Warrensburg, for appellants.

Paul L. Wickens, James T. Thompson, Kansas City, for respondent.

COVINGTON, Judge.

John and Beverly Frost appeal from an order vacating a judgment in their favor in a personal injury action against an uninsured motorist. The Missouri Court of Appeals, Western District, dismissed the appeal. This Court granted transfer. The judgment is affirmed.

John Frost was injured in a traffic accident with a vehicle driven by Hubert White, who had no liability insurance on his vehicle. At the time of the collision, Frost was a passenger in a rental car for which Liberty Mutual Insurance Company provided uninsured motorist coverage.

The Frosts filed suit against White on November 8, 1988. They obtained personal service on White on November 12, 1988. White filed no answer to the petition, and on December 19, 1988, the case was called for trial. White, called as a witness by the Frosts, testified that he had been drinking before the accident. He confessed liability. The Frosts presented evidence on the issue of damages. The court entered judgment against White and in favor of John Frost for $600,000.00 and in favor of Beverly Frost, for loss of services, in the amount of $150,000.00. The judgment was formalized by a judgment entry recorded by the court on December 22, 1988.

Although Liberty Mutual knew that suit had been filed against White, it was not informed of the date of the trial. Liberty Mutual learned of the entry of judgment in January, 1989, through a letter dated December 30, 1988, from the Frosts' attorney. On January 17, 1989, after judgment but within the time prescribed by *Rule 75.01*, Liberty Mutual filed a motion to intervene in the case. Accompanying the motion to intervene was a motion to vacate the judgment, which Liberty Mutual sought to file as a party. On January 19, 1989, the trial court denied Liberty Mutual's motion "to intervene and/or vacate judgment." Liberty Mutual appealed. In disposition of the appeal, *Frost v. White*, 778 S.W.2d 670 (Mo.App.1989), (*Frost I*), the Missouri Court of Appeals, Western District, reversed the judgment of the trial court and remanded, finding that substantial justice so required. *Id.* at 673.

After remand, on December 8, 1989, the trial court, purporting to comply with the court of appeals' mandate, entered an order allowing Liberty Mutual to intervene. On December 14, 1989, Liberty Mutual filed a motion for change of judge. On March 23, 1990, the trial judge disqualified himself, and three days later the case was transferred to another division. On April 16, 1990, Liberty Mutual filed a second motion to vacate. On May 17, 1990, the trial court

sustained the motion to vacate. The Frosts lodged the present appeal from that order.

Citing *Rules 75.01* and *74.06(b)*, the Frosts contend that the trial court was without jurisdiction in May of 1990 to act upon the April, 1990, motion to vacate because the motion was untimely filed. In response, Liberty Mutual argues that the Frost's appeal must be dismissed because the May 17, 1990, order vacating the judgment was not a final, appealable order.

The case presents itself in disarray. The parties present substantial arguments to bring themselves, according to their respective interests, within the laws and rules that govern judgments and timely appeals. None seems quite to hit the mark. The confusion rests in part upon the procedural facts, unlikely to be repeated, and in part upon the closing language of *Frost I.* *Frost I,* however, read as a whole and in conjunction with the procedural facts, both explains the dilemma and provides basis for disposition of the present case.

■ Preliminarily, it is important to note that an application for leave to intervene subsequent to trial is unusual and seldom granted. *In re Chain Yacht Club, Inc. v. St. Louis Boating Ass'n,* 225 S.W.2d 476, 479 (Mo.App.1949). Intervention as contemplated by *Rule 52.12* is intervention in a pending case. *Id.* Postjudgment intervention is granted only if substantial justice requires intervention. *State ex rel. Ashcroft v. Am. Triad Land Co., Inc.,* 712 S.W.2d 62, 64 (Mo.App.1986).

■ In *Frost I* the court of appeals found that substantial justice required that Liberty Mutual be permitted to intervene subsequent to trial. There was never any dispute that Liberty Mutual had a right to intervene under *Rule 52.12(a);* the question on appeal in *Frost I* was whether the application, filed after entry of judgment, was timely. *Frost,* 778 S.W.2d at 672. The court of appeals identified two factors for determination of the issue of timeliness of an application to intervene subsequent to trial. The first is whether substantial justice requires intervention, and the second is whether existing parties to the case will be prejudiced if intervention is permit-

ted. *Id.* at 673. The Frosts made no contention of prejudice. On the question of whether substantial justice required allowance of intervention, the finding of the court of appeals is clear:

> The trial record indicates that the nominal defendant confessed his fault in the accident, offered no defense on the issues of liability or damages and allowed plaintiffs' proof of damages to be introduced without challenge. The damages the court awarded far exceeded the actual damages proved and, in the case of Beverly Frost, were supported by virtually no proof. The trial was not an adversary proceeding calculated to result in a dispassionate appraisal of the issues. These facts militate significantly in favor of allowing intervention to accomplish substantial justice.

*Frost,* 778 S.W.2d at 673.

The language of the opinion required intervention to allow Liberty Mutual to enter the litigation and present a defense at trial. The reasoning and result of the court of appeals' opinion thus required the trial court to grant not only the motion to intervene but also the motion to vacate filed in conjunction with the motion to intervene. In the final paragraph of its opinion, however, the court of appeals reversed the trial court and remanded with incomplete explicit direction that the court "grant the motion of Liberty Mutual to intervene." *Id.* at 674. By its mandate, as customary, the appellate court restored Liberty Mutual "to all things lost by reason of the judgment," and remanded with direction to the circuit court of Johnson County for further proceedings in conformity with the opinion delivered by the court.

■ In spite of the incomplete explicit direction of the opinion and mandate, it was the duty of the trial court, after granting the motion to intervene, also to sustain the motion to vacate the judgment. On remand, proceedings in the trial court should be in accordance with both the mandate and the result contemplated in the opinion. *See State ex rel. Sturm v. Allison,* 384 S.W.2d 544, 548 (Mo. banc 1964); *Abrams v. Scott,* 357 Mo. 937, 211 S.W.2d 718, 721

(Mo. banc 1948). "It is well settled that the mandate is not to be read and applied in a vacuum. The opinion is part of the mandate and must be used to interpret the mandate...." *McDonald v. McDonald,* 795 S.W.2d 626, 627 (Mo.App.1990). What is contemplated in an opinion by necessary implication is equivalent to that which is clearly and expressly stated. *See Gold Lumber Co. v. Baker,* 46 S.W.2d 189, 190 (Mo.App.1932).

The trial court apparently, and understandably, failed to comprehend completely the import of the opinion and mandate.[1] Until the trial court complied with the opinion and mandate of the court of appeals in *Frost I* by sustaining the motion to vacate, the trial court was without authority to conduct further proceedings. *See Morrison v. Caspersen,* 339 S.W.2d 790, 792 (Mo. 1960). Recognizing the necessity to conform completely to the requirements of the opinion and mandate, the judge from whose division of the court the appeal was taken properly sustained Liberty Mutual's motion to vacate.

The Frosts contend that the trial court had no power to alter its judgment since it did not alter its judgment within the time required by *Rule 75.01* or by *Rule 74.06(b)*. The Frosts' contention, assuming, *arguendo,* its validity, cannot be applied to any act of a lower court performed in obedience to the decision of an appellate court. If the Frosts' proposed rule were to apply, a trial court could nullify the direction and mandate of a superior court merely by delay. *Gold Lumber Co. v. Baker,* 46 S.W.2d at 190.

The judgment is affirmed.

ROBERTSON, C.J., HOLSTEIN and BLACKMAR, JJ., and HIGGINS, Senior Judge, concur.

RENDLEN, J., and PARRISH, Special Judge, concur in result.

1. Liberty Mutual could properly have sought mandamus when the trial court upon remand stopped short of complete compliance with the mandate. *State ex rel. Stites v. Goodman,* 351 S.W.2d 763, 767 (Mo. banc 1961).