Robert L. EMRICK, Respondent,

v.

AMERICAN CASUALTY CO. and
Clarkson Construction,
Appellants.

No. WD 46958.

Missouri Court of Appeals,
Western District.

Dec. 28, 1993.

Douglas M. Greenwald, McAnany, Van Cleave & Phillips, Kansas City, for appellants.

P. John Brady, Thomas A. Sheehan, Shughart, Thomson & Kilroy, P.C., Kansas City, for respondent.

Before ULRICH, P.J., and BERREY and SMART, JJ.

ULRICH, Presiding Judge.

American Casualty Company and Clarkson Construction Company appeal the circuit court's order denying their motion for leave to intervene to enforce their Kansas worker's compensation lien or subrogation interest. Robert L. Emrick filed a cross-appeal from the same order. The order declared Mr. Emrick's motion to quash a worker's com-

pensation lien moot since intervention had been denied. The order is affirmed.

Robert Emrick was injured in Kansas while in the course and scope of his employment with Clarkson Construction Company ("Clarkson"). Clarkson's worker's compensation insurance carrier was American Casualty Company ("American Casualty").[1] Mr. Emrick was paid $175,619.29 by Clarkson/American Casualty under a structured settlement approved by a Kansas worker's compensation administrative law judge. Mr. Emrick then sued two third parties, CMI Corporation ("CMI") and Total Risk Management, Inc. ("Total Risk")[2] in the Circuit Court of Jackson County, Missouri alleging that they were liable for his injuries and damages.

On or about June 26, 1992, Mr. Emrick settled with CMI for $350,000, was paid that amount, and CMI was dismissed from the lawsuit. American Casualty and Clarkson were notified of this settlement. Clarkson and American Casualty notified Mr. Emrick that they held a lien against any such recovery and demanded payment. Mr. Emrick refused to acknowledge the lien claiming that any subrogation or lien rights had been waived[3] by Clarkson and American Casualty because of their actions in cooperating with the third parties and in attempting to "torpedo" Mr. Emrick's lawsuit.

Mr. Emrick subsequently proceeded to trial against Total Risk. The court entered judgment in favor of Total Risk following jury verdict for the defense. Mr. Emrick filed a motion requesting the court vacate judgment or grant a new trial. While the court was considering the motion to vacate or grant a new trial, Clarkson and American Casualty filed a motion for leave to intervene to enforce their lien or rights of subrogation for $175,619.29, minus reasonable attorney's fees and costs, against the amount paid to Mr. Emrick by CMI under the settlement agreement. Mr. Emrick, in his suggestions in opposition filed with the circuit court, stated that he did not object to intervention and referred the court to Mr. Emrick's separate motion to quash the liens claimed by American Casualty and Clarkson.

The court denied the motion to intervene and, therefore, denied the motion to quash because it was moot. In a separate order the court denied Mr. Emrick's motion to vacate or grant a new trial. American Casualty and Clarkson appealed the denial of their motion to intervene, Mr. Emrick appealed the order denying his motion to vacate or grant a new trial, and cross-appealed the denial of his motion to quash the lien.

The appeals were severed. The issues regarding Total Risk[4] are not part of this appeal. The issues involved in this appeal are the motion to intervene and the motion to quash the lien. The briefs filed addressed only the point regarding whether American Casualty and Clarkson could intervene. Mr. Emrick's argument *in favor* of intervention, makes reference to his other point, the issue of whether American Casualty and Clarkson waived their lien. His argument refers to "cross-appellant's brief" as the document containing the point regarding the lien and the supporting argument. However, no cross-appellant's brief or cross-respondent's brief was filed with this court, and the issue of whether American Casualty and Clarkson waived their lien is waived. The only point briefed is whether the circuit court erred in denying the motion to intervene. Both briefs agree that the circuit court erred in not granting the motion to intervene. However, this court does not agree with Mr. Emrick and American Casualty/Clarkson.[5]

---

1. American Casualty does business as CNA Insurance Company.

2. Total Risk is a wholly-owned subsidiary of Clarkson. American Casualty also insured Total Risk.

3. Estoppel and/or equitable estoppel were also alleged.

4. WD 46971.

5. Rule 52.12(a), with emphasis added, gives a right to intervene:

   (1) when a statute of *this* state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The motion to intervene did not involve the trial with Total Risk. At the time the motion was filed, September 4, 1992, Total Risk had a jury's verdict in its favor on Mr. Emrick's claim and owed no money to Mr. Emrick. The alleged lien is claimed on money paid to Mr. Emrick by CMI as a result of a settlement in late June of 1992. Mr. Emrick may be the trustee for American Casualty and Clarkson in the amount disbursed to him as worker's compensation benefits because he received remuneration as a result of the settlement of his claim against CMI. *See State v. Luten,* 390 S.W.2d 931, 935 (Mo.App.1965), citing *O'Hanlon Reports, Inc. v. Ben Needles,* 360 S.W.2d 382, 385 (St. Louis Court of Appeals 1962). However, CMI had not been a party in the lawsuit for over two months when the motion to intervene was filed. In *State ex rel. Mercantile Bank of Springfield v. Pinnell,* 804 S.W.2d 63, 65 (Mo.App.1991), the southern district explained:

> [T]he analysis of the requirements of Rule 52.12(a) [are] set forth in *State ex rel. St. Joseph Ass'n of Plumbing, Heating and Cooling Contractors, Inc. v. City of St. Joseph,* 579 S.W.2d 804, 806 (Mo.App. 1979). In that case, the western district of this court aptly pointed out the three elements required to establish that a person seeking to intervene is entitled to do so as a matter of right. Those elements are:
>
> (1) the applicant must show an "interest" in the subject of the action in which he seeks to intervene;
>
> (2) he must show that his ability to protect his interest will be impaired or impeded as a practical matter; and
>
> (3) he must show that his interest is not adequately represented by the existing parties.
>
> *Id.* A motion to intervene may be denied if even one of the requirements is not met. *See Lewis v. Barnes Hospital,* 685 S.W.2d 591 (Mo.App.1985).

*Pinnell, supra* 804 S.W.2d at 65.

Intervention in this case fails both of the first two elements listed in *Barnes.* First, any interest Clarkson and American Casualty had in the lawsuit between Mr. Emrick and Total Risk did not involve their alleged lien on the proceeds of a settlement from a party no longer in the suit. The subject of the lawsuit involved potential tort liability of Total Risk.[6] "[T]he 'interest' must be such an immediate and direct claim upon the very subject matter of the action that intervenor will either gain or lose by the *direct operation* of the judgment that may be rendered therein." *State ex rel. Farmers Mut. Auto. Ins. Co. v. Weber,* 364 Mo. 1159, 273 S.W.2d 318, 321 (1954); *State ex rel. St. Joseph Ass'n of Plumbing, Heating and Cooling Contractors, Inc. v. St. Joseph, supra* 579 S.W.2d at 806. Second, if intervention is not allowed, American Casualty and Clarkson have not had their ability to protect their interest impaired nor impeded.

Judgment had already been entered and the circuit court was considering a motion to vacate judgment or grant a new trial. "[I]t is important to note that an application for leave to intervene subsequent to trial is unusual and seldom granted." *Frost v. Liberty Mut. Ins. Co.,* 813 S.W.2d 302, 304 (Mo. banc 1991) (citing *In re Chain Yacht Club, Inc. v. St. Louis Boating Ass'n,* 225 S.W.2d 476, 479 (Mo.App.1949)). "Intervention as contemplated by *Rule 52.12* is intervention in a pending case." *Id.* "Postjudgment intervention is granted only if substantial justice requires intervention." *Frost, supra* 813 S.W.2d at 304 (citing *State ex rel. Ashcroft v. Am. Triad Land Co., Inc.,* 712 S.W.2d 62, 64 (Mo.App.1986)). Substantial justice does not require intervention in the present case. The point is denied.

The circuit court's order denying intervention and finding the motion to quash moot is affirmed.

All concur.

---

**6.** The claim to Intervene also does not meet the requirements for permissive intervention under rule 52.12(b). The only colorable argument would be that the applicants' claim and the main action in the trial had a question of law or fact in common. This would fail for the same reasons elucidated.