Dennis CARVER, Appellant,

v.

DELTA INNOVATIVE SERVICES; American Home Assurance CO and Treasurer of the State of Missouri—Custodian of the Second Injury Fund, Respondents.

Nos. WD 74266, WD 74271, WD 74296.

Missouri Court of Appeals, Western District.

Jan. 29, 2013.

Mark E. Kelly and Kristi L. Pittman, Liberty, MO, for appellant.

John D. Jurcyk, Kansas City, KS and Andrew J. Dickson, Kansas City, MO, for respondent.

Before: JOSEPH M. ELLIS, P.J., and JAMES E. WELSH and ALOK AHUJA, JJ.

## ON MOTION TO RECALL AND MODIFY MANDATE

ALOK AHUJA, Judge.

Appellant Dennis Carver suffered a back injury while carrying a 100–pound roll of roofing material up a ladder on October 1, 2007, while working for Respondent Delta Innovative Services. Carver filed a workers' compensation claim. On July 22, 2011, the Labor and Industrial Relations Commission issued a Final Award Allowing Compensation. The Com-

mission's Final Award awarded Carver compensation for a permanent total disability, but reduced his award by 50% pursuant to § 287.120.5.[1] The reduction was based on the Commission's determination that Carver's injury was caused by his failure to obey his employer's "three-point-contact" ladder-safety rule.

Carver appealed to this Court. He argued, among other things, that the record did not contain sufficient competent evidence to support a reduction of his award under § 287.120.5. We decided Carver's appeal in an opinion issued on September 11, 2012. See 379 S.W.3d 865. We did not address the merits of Carver's sufficiency-of-the-evidence claim, however, because we concluded that "the Commission's findings of fact are inadequate to enable us to meaningfully review the issues Carver raises on appeal." Id. at 868. In order to cure this deficiency, our opinion stated that "[w]e ... reverse the Commission's Final Award Allowing Compensation to the extent that it imposed a 50% reduction on Carver's award under § 287.120.5, and remand the case to the Commission for the issuance of further factual findings concerning whether Delta proved that a reduction is justified in this case." Id. at 875. Our mandate, issued on October 3, 2012, specified that "the decision of the Commission is reversed and remanded for further proceedings consistent with [our] opinion."

In response to our mandate, the Commission issued a document entitled "Additional Findings After Mandate" on December 13, 2012. After detailing the evidence on the safety-rule issue, and stating which evidence the Commission found credible, the Additional Findings made the following ultimate findings:

1. Statutory citations refer to the 2000 edition of the Revised Statutes of Missouri, as updated through the 2012 Cumulative Supplement.

Ultimately, we find no credible evidence that employer ever counseled, warned, sanctioned, or otherwise took any disciplinary steps against the employees who broke the three-point-contact rule "all the time" or "nine times out of ten." Accordingly, we find that, although employer took steps to make its employees aware of the three-point-contact rule, employer did not take any steps or make any effort to ensure that the rule was actually followed, despite awareness on the part of its owner, Mr. Boyle, that employees routinely violated the rule.

. . . .

It was employer's burden to establish that a reduction under § 287.120.5 RSMo is warranted in this case. In light of employer's failure to provide evidence to establish the purpose of the three-point-contact rule or whether employee's injuries were of the type the rule was designed to prevent, we cannot make an affirmative factual determination that employee's injury was caused by his failure to obey that rule.

■ Section 287.120.5 authorizes the reduction of a workers' compensation award only "[w]here the injury is caused by . . . the employee's failure to obey any reasonable rule adopted by the employer for the safety of employees," and only if "the employer had, prior to the injury, made a reasonable effort to cause his or her employees . . . to obey or follow the rule so adopted for the safety of the employees." Although we need not—and do not—address the merits, the Commission's Additional Findings would appear to foreclose any reduction of Carver's workers? compensation award under § 287.120.5. Nevertheless, the Commission stopped short of

issuing a final award which fully compensated Carver for his permanent total disability. It explained:

Pursuant to the Court's mandate and decision, the sole duty before us on remand is the issuance of further factual findings concerning whether the employer proved that a reduction under § 287.120.5 RSMo is warranted in this case. The Court did not instruct us to make conclusions of law or otherwise resolve that ultimate issue. Accordingly, in order to fully and faithfully comply with the Court's mandate and decision, we make no further comment, analysis, or conclusions with regard to the issue whether employee's award is subject to a reduction under § 287.120.5 RSMo.

On December 17, 2012, Carver filed a Motion to Recall and Modify Mandate in this Court. Carver's Motion asks that we recall the mandate previously issued, and modify it "to instruct the Industrial Commission to make legal conclusions consistent with its factual findings and issue an Award consistent with those conclusions."

■ No modification of our existing mandate is necessary. The Commission "upon remand has a duty to proceed 'in accordance with the mandate and the result contemplated in the appellate court's opinion.'" *Motor Control Specialities, Inc. v. Labor & Indus. Relations Comm'n*, 323 S.W.3d 843, 853 (Mo.App. W.D.2010) (quoting *Associated Indus. of Mo. v. Dir. of Revenue*, 918 S.W.2d 780, 782 (Mo. banc 1996)).[2] The Missouri Supreme Court has made clear that "[w]hat is contemplated in an opinion by necessary implication is equivalent to that which is clearly expressed and stated." *Frost v. Liberty Mut. Ins. Co.*, 813 S.W.2d 302, 305 (Mo.

---

2. "It is well settled that the mandate is not to be read and applied in a vacuum. The opinion is part of the mandate and must be used to interpret the mandate." *Bird v. Mo. Bd. for Architects*, 309 S.W.3d 855, 860 (Mo.App. W.D.2010) (quoting *Frost v. Liberty Mut. Ins. Co.*, 813 S.W.2d 302, 305 (Mo. banc 1991)).

banc 1991) (emphasis added). Therefore, even if an opinion and mandate contain "incomplete explicit direction[s]" as to the proceedings which must occur when the case returns to a lower tribunal, that tribunal nevertheless has a duty to complete all tasks necessary to give effect to the appellate court's disposition. *Id.* at 304.

Prior decisions illustrate this principle in operation. In *Frost,* the mandate in an earlier appeal directed the trial court only to grant an insurer's post-judgment motion to intervene. *Id.* Despite the limited nature of the appellate court's explicit instructions, the Supreme Court held that a "necessarily implication" of the appellate decision was that the trial court was *also* required to grant the insurer's motion to vacate the judgment previously entered in a suit involving its insured, so that the insurer could defend the underlying action on the merits. *Id.* at 304–05. Similarly, *McDonald v. McDonald,* 795 S.W.2d 626 (Mo.App. E.D.1990), held that, although the mandate of an earlier appeal required the trial court only to quash a judgment execution and set aside an execution sale, the trial court on remand was *also* required to order the proper re-distribution of the proceeds of the execution sale, even though that was not expressly directed by the appellate court. *Id.* at 627–28.

In this case, our mandate reversed the Commission's Final Award Allowing Compensation, and returned the case to the Commission for the issuance of more detailed findings concerning the factual basis for reduction of Carver's worker's compensation award under § 287.120.5. Although our opinion and mandate may not have explicitly directed the Commission to issue a new final award consistent with its factual findings, the entry of such a final award was necessarily implied by our decision. In his application for review to the Commission, Carver challenged the administrative law judge's reduction of his award

pursuant to § 287.120.5. Given our reversal of the Commission's decision on this issue, whether Carver's award is subject to reduction remains unresolved. The Commission has an obligation to finally decide this question, and issue a final award from which an appeal can be taken under § 287.495. Until it does so, it has failed to fully comply with our mandate.

Because the existing mandate authorized, and required, the Commission to issue a new final award, it is unnecessary for this Court to recall or modify the mandate previously issued. We trust that, with the clarification provided by this supplemental opinion, the Commission will promptly issue a final award consistent with its Additional Findings. If it fails to do so, Carver may seek relief by mandamus or other appropriate remedy. *See Frost,* 813 S.W.2d at 305 n. 1 (citing *State ex rel. Stites v. Goodman,* 351 S.W.2d 763, 767 (Mo. banc 1961)).

For the foregoing reasons, the Motion to Recall and Modify Mandate is denied.

All concur.