In the Missouri Court of Appeals
 Eastern District
 DIVISION ONE

LINDA R. ZWEIFEL n/k/a LINDA R. SMITH, ) No. ED109261
 )
 Respondent, ) Appeal from the Circuit Court
 ) of Jefferson County
vs. )
 ) Honorable Joseph A. Rathert
RANDALL ZWEIFEL, )
 )
 Appellant. ) FILED: June 15, 2021

 OPINION

 I. Introduction

 Randall Zweifel appeals from the circuit court’s order denying his Motion to Amend and

Clarify the Judgment. Zweifel argues that the circuit court erred in denying his motion because its

order and judgment did not comply with this Court’s earlier opinion and mandate, which had

reversed the circuit court’s order holding him in civil contempt. Zweifel maintains that the circuit

court failed to comply with our opinion and mandate by declining to set aside the attorney’s fees

awarded to Smith, his ex-wife, in its order and judgment on remand.

 We dismiss the appeal and remand the matter back to the circuit court with directions.

 II. Factual and Procedural Background

 Zweifel and Smith, having divorced in 2012, once again appear before this Court to settle

a dispute arising from the dissolution of their marriage. Smith petitioned the circuit court to hold
Zweifel in civil contempt for business-related events that this Court details in Zweifel v. Zweifel,

595 S.W.3d 526 (Mo. App. E.D. 2020). On November 20, 2018, the circuit court found Zweifel

in contempt of court and awarded $415,381.72 in damages and $94,037.65 in attorney’s fees to

Smith. The circuit court issued a supplemental judgment on December 19, 2018, increasing the

attorney’s fees awarded to Smith by $18,025.00, bringing the total attorney’s fees award to

$112,062.65. Zweifel then appealed and posted a supersedeas bond in the amount of $582,289.71

to stay execution of the judgment, pursuant to Missouri Supreme Court Rule 81.09. The bond

included the amount of the judgment, attorney’s fees, post-judgment interest, and costs taxed.

 This Court, in an opinion and mandate issued to the circuit court, reversed the contempt

order “to the extent it holds Zweifel in contempt for soliciting and servicing existing customer

accounts awarded to Smith in the 2012 MSA and Judgment and the 2014 Settlement and

Judgment.” Id. at 537. In doing so, we emphasized that we made no determinations on whether

Zweifel conducted himself permissibly under the 2012 MSA and Judgment or the 2014 Settlement

and Judgment, holding “only that the judgments are too vague for the trial court to have determined

that the conduct was contemptuous.” Id. at 536. On August 24, 2018, following the instructions

of this Court on remand, the circuit court entered its order and judgment on remand in favor of

Zweifel:

 In light of the mandate of the appellate court, this court makes the following
 finding, order and judgment:

 1. The judgment of the state court as entered by Judge Antonio (Tony) Manansala
 on the 20th day of November, 2018, is reversed, that holds Zweifel in contempt
 of court for soliciting and servicing existing customers accounts awarded to
 Smith in the 20[12] MSA Judgment and the 2014 Settlement and Judgment;

 2. The judgment of the state court as entered by Judge Antonio (Tony) Manansala
 on the 20th day of November, 2018 awarding $415,381.72 to Ms. Smith based
 on damages that Smith claimed she had sustained is hereby set aside and this
 court orders the release of the supersedeas bond posted herein to Mr. Zweifel;

 2
 3. The court orders the release of all the funds held in the registry of this court to
 be paid out to Mr. Zweifel;

 4. In addition to the costs on appeal that the mandate directed to be taxed in Mr.
 Zweifel’s favor in the amount of $7,395.50, he is also entitled to court costs in
 this court because he is the prevailing party.

No part of the order and judgment, nor this Court’s opinion and mandate, expressly discusses the

award of attorney’s fees. See generally id. at 526-37.

 Zweifel filed his Motion to Amend and Clarify the Judgment on August 28, 2020,

requesting the circuit court to set aside the attorney’s fees awarded to Smith. On October 21, 2020,

the circuit court denied Zweifel’s motion, along with a separate motion to amend and clarify the

judgment that Smith had filed. In its handwritten memorandum order, the circuit court wrote:

“That this court on 8/24/20 ordered the release of the supersedeas bond posted by Mr. Zweifel.

That the $415,381.72 judgment by Judge Manansala was set aside. That said bond included

[judgment and] [attorney’s] fees.”

 This appeal follows.

 III. Discussion

 Smith contests our jurisdiction over this appeal. While we reject her arguments,1 we must

still determine whether we have jurisdiction before we can consider this appeal on the merits.

Flower Valley, LLC v. Zimmerman, 575 S.W.3d 497, 501 (Mo. App. E.D. 2019) (citing Gibson v.

Brewer, 952 S.W.2d 239, 244 (Mo. banc 1997)).

1
 Smith contests jurisdiction because “the awards of attorney[’s] fees were separate from the contempt order and were
therefore independently appealable.” This distinction allows us to exercise jurisdiction over an appeal of attorney’s
fees when the contempt order that the fees are based on is not yet final. See, e.g., Frantz v. Frantz, 488 S.W.3d 167,
173 (Mo. App. E.D. 2016) (determining that the Court has jurisdiction to hear an appeal of an attorney’s fees award
even though the contempt order upon which the award was based lacked finality and could not be heard). We decline
to use this distinction to restrict the Court’s jurisdiction in a manner that might permit a circuit court to award attorney’s
fees when it lacks authority to do so.

 3
 Generally, a party can only appeal a judgment once it becomes final. Id. A final judgment

disposes of all claims, parties, and remedies, “leaving nothing for future adjudication.” Id. (citing

Gibson, 952 S.W.2d at 244); accord Gerken v. Missouri Dept. of Soc. Servs., Family Support Div.,

415 S.W.3d 734, 739 (Mo. App. W.D. 2013). When we dispose of a case by remanding it back to

the circuit court for further proceedings, we lose jurisdiction over the case. State v. McKinnies,

479 S.W.3d 746, 747 (Mo. App. E.D. 2016) (citing State ex rel. McMullin v. Satz, 759 S.W.2d

839, 840 (Mo. banc 1988)). On remand, a judgment must fully comply with our opinion and

mandate in order to become final. Gerken, 415 S.W.3d at 738. Until the judgment becomes final,

the circuit court retains jurisdiction, and we must dismiss any appeals as premature. Flower Valley,

575 S.W.3d at 501; Gerken, 415 S.W.3d at 737.

 A circuit court’s proceedings on remand must completely conform to the appellate court’s

mandate. Smith v. Brown & Williamson Tobacco Corp., 410 S.W.3d 623, 633 (Mo. banc 2013).

“There are two types of remands: (1) a general remand, which does not provide specific direction

and leaves all issues open to consideration . . . and (2) a remand with directions, which requires

the [circuit] court to enter a judgment in conformity with the mandate.” State ex rel. St. Charles

Cnty. v. Cunningham, 401 S.W.3d 493, 495 (Mo. banc 2013) (quoting Guidry v. Charter

Commc’ns, Inc., 308 S.W.3d 765, 768 (Mo. App. E.D. 2010)). A circuit court has no authority to

deviate from a mandate directing it to take specified action. Guidry, 308 S.W.3d at 768. When

we give directions, “a [circuit] court's failure to complete its obligation under a mandate may

prevent it from exhausting its jurisdiction over the case.” Gerken, 415 S.W.3d at 738 (quoting

Lombardo v. Lombardo, 120 S.W.3d 232, 243 (Mo. App. W.D. 2003)).

 A circuit court might find it difficult to distinguish all the steps it must take when we

remand a matter with directions, but it still has a duty to “conform completely to the requirements

 4
of [our] opinion and mandate,” including any “incomplete explicit direction[s]” not clearly stated.

Frost v. Liberty Mut. Ins. Co., 813 S.W.2d 302, 304-05 (Mo. banc 1991). “[T]he mandate is not

to be read and applied in a vacuum,” meaning that “[t]he opinion is part of the mandate and must

be used to interpret the mandate....” Id. at 305 (quoting McDonald v. McDonald, 795 S.W.2d 626,

627 (Mo. App. E.D. 1990)). “What is contemplated in an opinion by necessary implication is

equivalent to that which is clearly expressed and stated.” Id. at 304. “Therefore, even if an opinion

and mandate contain ‘incomplete explicit direction[s]’ as to the proceedings which must occur

when the case returns to a lower tribunal, that tribunal nevertheless has a duty to complete all tasks

necessary to give effect to the appellate court’s disposition.” Carver v. Delta Innovative Servs.,

419 S.W.3d 792, 795 (Mo. App. W.D. 2013) (quoting Frost, 813 S.W.2d at 304). The Western

District has summarized how “incomplete explicit direction[s]” work:

 In Frost, the mandate in an earlier appeal directed the trial court only to grant an
 insurer’s post-judgment motion to intervene. Despite the limited nature of the
 appellate court’s explicit instructions, the Supreme Court held that a “necessar[y]
 implication” of the appellate decision was that the trial court was also required to
 grant the insurer’s motion to vacate the judgment previously entered in a suit
 involving its insured, so that the insurer could defend the underlying action on the
 merits. Similarly, McDonald . . . held that, although the mandate of an earlier
 appeal required the trial court only to quash a judgment execution and set aside an
 execution sale, the trial court on remand was also required to order the proper re-
 distribution of the proceeds of the execution sale, even though that was not
 expressly directed by the appellate court.

Id. (internal citations omitted).

 By refusing to address the attorney’s fees issue, the circuit court left an issue up for future

adjudication, thus failing to fully comply with our opinion and mandate. We directed the circuit

court to resolve all necessary issues when we remanded the matter in our prior opinion and

mandate, including the attorney’s fees issue, which “is factually intertwined with and would not

 5
arise independent of [the] original claim[]” in these circumstances. Flower Valley, 575 S.W.3d at

502. We gave an “incomplete explicit direction” to set aside the attorney’s fees award because:

 Under its inherent powers, the [circuit] court has the authority to assess attorney[’s]
 fees in civil cases for willful disobedience of a court order . . . . [S]uch fees are
 assessed against the party violating the court's order as part of the expenses and
 costs incurred by the complainant in the prosecution of the contempt proceedings.

Frantz v. Frantz, 488 S.W.3d 167, 174 (Mo. App. E.D. 2016) (alterations and internal citations

omitted); accord In re Marriage of Crow & Gilmore, 103 S.W.3d 778, 782 (Mo. banc 2003).

When we remanded the matter with directions after holding that “[t]he court did not have authority

to hold [Zweifel in] contempt under these circumstances,” Zweifel, 595 S.W.3d at 534, we also

instructed the circuit court to set aside the attorney’s fees award, as it had no authority to do

otherwise. See Agnello v. Walker, 306 S.W.3d 666, 679 (Mo. App. W.D. 2010), as modified (Apr.

27, 2010) (finding that the circuit court had no power to award attorney’s fees authorized by the

Missouri Merchandising Practices Act after the party originally awarded the fees did not prevail

on appeal).

 Because the circuit court has not fully complied with our opinion and mandate, its order

and judgment on remand is not yet final, and we do not have jurisdiction to hear this appeal. See

Gerken, 415 S.W.3d at 737 (deeming a judgment nonfinal for not fully complying with the

mandate). While the circuit court correctly entered its order in favor of Zweifel, as directed by our

prior opinion and mandate, it must complete its duty by complying with our “incomplete explicit

direction” to set aside the attorney’s fees award. See McDonald, 795 S.W.2d at 628 (remanding a

case where “[the circuit court’s] task is not finished” for not resolving all issues); Carver, 419

S.W.3d at 795 (holding that the “incomplete explicit direction[s]” must be followed for the

judgment to become final).

 6
 IV. Conclusion

 We dismiss the appeal and remand the matter to the circuit court for further proceedings in

accordance with this opinion.

 _______________________________
 KELLY C. BRONIEC, Judge

Collen Dolan, P.J., concurs.
Robert M. Clayton III, J., concurs.

 7