**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000598
29-NOV-2021
07:58 AM
Dkt. 81 SO**

NO. CAAP-17-0000598

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


NOEL MADAMBA CONTRACTING LLC,
Movant/Cross-Respondent-Appellant,
v.
RAMON ROMERO and CASSIE ROMERO,
Respondents/Cross-Petitioners-Appellees,
and
A&B GREEN BUILDING LLC, Cross-Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P. NO. 12-1-0210)


SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Leonard and Wadsworth, JJ.)

Movant/Cross-Respondent-Appellant Noel Madamba Contracting LLC (**NMC**) appeals from the following two interlocutory orders (collectively, the **Interlocutory Orders**), both entered on May 30, 2017, in the Circuit Court of the First Circuit (**circuit court**):[1]

    (1)    Order Granting in Part and Denying in Part Respondents/Cross-Petitioners[-Appellees] Ramon Romero and Cassie Romero's [(**the Romeros**)] Motion to Compel Rehearing Before New Arbitrator (**Order Re Arbitration Rehearing**); and

    (2)    Order Denying [NMC's] Motion for Attorney's Fees and Costs.

---

[1]    The Honorable Rhonda A. Nishimura presided.

The circuit court had previously entered an August 27, 2012 order confirming an arbitration award in favor of the Romeros and a September 20, 2012 judgment on that arbitration award, both of which NMC appealed pursuant to Hawaii Revised Statutes (**HRS**) § 658A-28(a)(1) and (3) (Supp. 2013).[2] In 2015, the Hawaiʻi Supreme Court vacated, among other things, the August 27, 2012 order confirming the arbitration award and the September 20, 2012 judgment, and remanded the case for further proceedings consistent with the court's opinion. See Noel Madamba Contracting LLC v. Romero (Madamba I), 137 Hawaiʻi 1, 16–17, 364 P.3d 518, 533–34 (2015). On May 10, 2016, the supreme court also awarded attorneys' fees and costs incurred in the appellate proceedings to NMC.

On remand, the parties filed several motions, and the circuit court entered, *inter alia*, the Interlocutory Orders. On August 3, 2017, the circuit court entered orders allowing NMC to appeal from the Interlocutory Orders under HRS § 641-1(b) (2016)[3] (**August 3, 2017 Orders**). On August 9, 2017, NMC filed a

---

[2] HRS § 658A-28 provides:

> (a) An appeal may be taken from:
>
> (1) An order denying a motion to compel arbitration;
>
> (2) An order granting a motion to stay arbitration;
>
> (3) An order confirming or denying confirmation of an award;
>
> (4) An order modifying or correcting an award;
>
> (5) An order vacating an award without directing a rehearing; or
>
> (6) A final judgment entered pursuant to this chapter.
>
> (b) An appeal under this section shall be taken as from an order or a judgment in a civil action.

[3] HRS § 641-1(b) provides:

> Upon application made within the time provided by the rules of court, an appeal in a civil matter may be allowed by a circuit court in its discretion from an order denying a motion to dismiss or from any interlocutory judgment, order, or decree whenever the circuit court may think the same advisable for the speedy termination of litigation before it. The refusal of the circuit court to allow an appeal from an interlocutory judgment, order, or decree shall not be reviewable by any other court.

notice of appeal from the Interlocutory Orders.

On appeal, NMC contends that the circuit court erred: (1) in ordering a rehearing before a new arbitrator; and (2) in denying NMC's motion for attorney's fees and costs for time spent in the circuit court seeking to have the 2012 arbitration award set aside.  In their answering brief, the Romeros assert that this court lacks jurisdiction to review the Interlocutory Orders.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve the parties' contentions as follows.

(1) The circuit court's August 3, 2017 Orders conclude that an interlocutory appeal from the respective Interlocutory Orders is advisable for the speedy determination of the litigation between the parties, pursuant to HRS § 641-1(b).  We have jurisdiction over this appeal.

(2) NMC contends that the circuit court erred in ordering a rehearing before a new arbitrator, because the order exceeded the supreme court's mandate in Madamba I.  Specifically, NMC argues that in Madamba I, the supreme court remanded the case "to the circuit court with instructions to vacate the arbitration award and for further proceedings consistent with this opinion[,]" 137 Hawaiʻi at 17, 364 P.3d at 534, and did not remand for a rehearing.  NMC further argues that because the supreme court awarded appellate attorneys' fees and costs to NMC pursuant to HRS § 658A-25,[4] which authorizes such an award where the court's judgment vacates without directing a rehearing, the circuit court's order compelling a rehearing exceeded the supreme court's mandate and thus the circuit court's authority.

"On remand, a trial court must closely adhere to the true intent and meaning of the appellate court's mandate."  In re

_____

[4]     HRS § 658A-25(c) (Supp. 2015) provides:

On application of a prevailing party to a contested judicial proceeding under section 658A-22, 658A-23, or 658A-24, the court may add reasonable attorney's fees and other reasonable expenses of litigation incurred in a judicial proceeding after the award is made to a judgment confirming, vacating without directing a rehearing, modifying, or correcting an award.

<u>Hawaiʻi Elec. Light Co., Inc.</u>, 149 Hawaiʻi 239, 241, 487 P.3d 708, 710 (2021) (citing <u>State v. Lincoln</u>, 72 Haw. 480, 485, 825 P.2d 64, 68 (1992)). "The 'true intent and meaning' of a reviewing court's mandate is not to be found in a solitary word or decontextualized phrase, but rather in the opinion, as a whole, read in conjunction with the judgment and interpreted in light of the case's procedural history and context." <u>Id.</u> (citing <u>Frost v. Liberty Mut. Ins. Co.</u>, 813 S.W.2d 302, 305 (Mo. 1991)). In <u>Lincoln</u>, the court explained:

> This is not to say that a trial court is bound to perform the mandate of an appellate court under subsequently changed circumstances or is not free to decide issues not covered in the mandate. <u>See, e.g.,</u> <u>Liberty Mut. Ins. Co. v. E.E.O.C.</u>, 691 F.2d 438 (9th Cir. 1982) (when matters are not explicitly or by "necessary implication" decided on prior appeal, "lower courts are free to decide issue on remand"). But in the instant case, nothing had changed between our mandate and the dismissal of the case.

72 Haw. at 485, 825 P.2d at 68.

In <u>Madamba I</u>, the supreme court held that the arbitrator's failure to disclose his potential attorney-client relationship with the Romeros' counsel's law firm created a reasonable impression of partiality, resulting in a violation of the disclosure requirements set forth in HRS § 658A-12. 137 Hawaiʻi at 2, 364 P.3d at 519. The court further held that pursuant to HRS § 658A-23(a)(2)(A), where there is evident partiality on the part of a neutral arbitrator, the award must be vacated. <u>Id.</u> at 3, 364 P.3d at 520. Accordingly, the supreme court vacated the judgments of this court and the circuit court and "remand[ed] to the circuit court with instructions to vacate the arbitration award." <u>Id.</u> The concluding sentence of the <u>Madamba I</u> opinion stated: "We remand to the circuit court with instructions to vacate the arbitration award and for further proceedings consistent with this opinion."[5/] <u>Id.</u> at 17, 364 P.3d at 534.

While the supreme court's instructions to vacate the arbitration award were specific, the remand "for further

---

[5/]     Similarly, the concluding sentence of the May 25, 2016 Judgment on Appeal stated: "IT IS FINALLY ORDERED, this case is remanded to the circuit court with instructions to vacate the arbitration award and for further proceedings consistent with this opinion."

proceedings consistent with this opinion" was broader in scope. In particular, the supreme court did not foreclose the possibility that on remand, the circuit court could order a rehearing before a new arbitrator; indeed, HRS § 658A-23(c) (2016)[6/] authorized the circuit court to do so.  Moreover, nothing in the supreme court's opinion as a whole, read in conjunction with the judgment and interpreted in light of the case's procedural history and context, foreclosed the possibility of the circuit court ordering a rehearing or otherwise suggested that such an order would not be consistent with the supreme court's opinion.  Because the matter of a rehearing was not explicitly or by necessary implication decided by the supreme court, the circuit court was free to decide the issue on remand. See Lincoln, 72 Haw. at 485, 825 P.2d at 68.

The supreme court's award of appellate attorneys' fees to NMC does not change our conclusion.  Because the supreme court's judgment vacated the circuit court's judgment and did not direct a rehearing, such an award was authorized under HRS § 658A-25.  However, nothing in HRS § 658A-25 prevented the supreme court from vacating the circuit court's judgment without directing a rehearing, and remanding the case to the circuit court for further proceedings, thus permitting the circuit court to determine whether a rehearing should be ordered.  For the reasons discussed above, the circuit court's determination of this issue was consistent with the supreme court's opinion, read as a whole and in context, and did not exceed the supreme court's mandate.

Accordingly, the circuit court did not err in ordering a rehearing before a new arbitrator.

(3) NMC contends that the circuit court erred in denying NMC's motion for attorney's fees and costs for time spent in the circuit court seeking to have the 2012 arbitration award set aside.  NMC argues that "[a]lthough the [c]ircuit [c]ourt did not state the reason for denying [NMC] an award of fees and

---

[6/]     HRS § 658A-23(c) states, in relevant part:  "If the court vacates an award on a ground other than that set forth in subsection (a)(5), it may order a rehearing. If the award is vacated on a ground stated in subsection (a)(1) or (2), the rehearing shall be before a new arbitrator. . . ."

costs, it is apparent that the [c]ircuit [c]ourt did not believe it was authorized by [HRS § 658A-25(c)] to make such an award because it was ordering a rehearing before a new arbitrator."

For the reasons previously discussed, we have concluded that the circuit court did not err in ordering a rehearing before a new arbitrator.  We further conclude that the circuit court did not abuse its discretion in denying NMC's motion for attorney's fees and costs, given HRS § 658A-25(c).

For these reasons, we affirm the following orders, entered on May 30, 2017, in the Circuit Court of the First Circuit:

    (1)   Order Granting in Part and Denying in Part Respondents/Cross-Petitioners Ramon Romero and Cassie Romero's Motion to Compel Rehearing Before New Arbitrator; and

    (2)   Order Denying Movant Noel Madamba Contracting LLC's Motion for Attorney's Fees and Costs.

DATED:  Honolulu, Hawaiʻi, November 29, 2021.


On the briefs:

Samuel P. King, Jr.
for Movant-Appellant.

Keith Y. Yamada,
Kirk M. Neste, and
Mallory T. Martin
(Cades Schutte LLP)
for Respondents-Appellees.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge