

# In the
# Missouri Court of Appeals
## Western District

SHANNON ROBINSON, ET AL.,

      **Respondents,**

v.

**MISSOURI DEPARTMENT OF
HEALTH AND SENIOR SERVICES,**

      **Respondent;**

**ST. LOUIS COUNTY,**

      **Appellant;**

**BOARD OF TRUSTEES, LIVINGSTON
COUNTY HEALTH CENTER AND
MELANIE HUTTON,
ADMINISTRATOR, COOPER COUNTY
PUBLIC HEALTH CENTER,**

      **Appellant;**

**JEFFERSON COUNTY HEALTH
CENTER,**

      **Appellant;**

**JACKSON COUNTY, MISSOURI,**

      **Appellant.**

**WD85070**

**Consolidated with
WD85071, WD85074,
WD85075, WD85076**

**OPINION FILED:**

**SEPTEMBER 13, 2022**

Appeal from the Circuit Court of Cole County, Missouri
The Honorable Daniel R. Green, Judge

Before Division Four: Gary D. Witt, Chief Judge, Presiding, Anthony Rex Gabbert, Judge,
Daniel Kellogg, Special Judge

St. Louis County, Jackson County, Cooper County Public Health Center, Livingston County Health Center, and Jefferson County Health Center ("Intervenors") appeal the judgment of the Cole County Circuit Court denying their motion to intervene. In nine points on appeal, Intervenors claim that they should have been permitted to intervene and argue that a judgment granting summary judgment entered prior to their motions to intervene was in error. The judgment is affirmed.[1]

## Facts

On December 21, 2020, Shannon Robinson, a Missouri resident, Twisted Tree, a Missouri LLC, and Satchmo's Bar and Grill, a Missouri LLC, (collectively "Plaintiffs") filed a declaratory judgment action against the Missouri Department of Health and Human Services ("DHHS"). DHHS was represented by the Missouri Attorney General's Office. The petition asked the Cole County Circuit Court to declare that portions of specific rules issued by the DHHS are invalid to the extent they authorize a county health officer or director of the St. Louis County Department of Health to create and enforce rules and regulations that govern all St. Louis County residents and organizations, whether or not sick, infected, or exposed to illness. The rules and regulations pertained to the COVID-19 virus, prohibiting gatherings of people, and mask mandates. On January 13, 2021, Plaintiffs filed a first amended petition for declaratory judgment against DHHS. The allegations were substantively similar. On February 12, 2021, DHHS filed its answer to the first amended petition.

---

[1] The motion to dismiss this appeal, which was taken with this case, is denied.

2

Plaintiffs filed a motion for summary judgment on February 24, 2021. DHHS filed a response in opposition to the motion for summary judgment on March 26, 2021. Robert Gatter, professor and former director of the Saint Louis University Center for Health Law Studies, and Dr. Thomas Burroughs, dean of the Saint Louis University College of Public Health and Social Justice, moved for leave to file suggestions as Amici Curiae on April 26, 2021. Their suggestions were in opposition to the motion for summary judgment. On May 6, 2021, Plaintiffs filed a reply to address arguments raised by DHHS and Amici Curiae. Oral argument was held on October 12, 2021. On October 15, 2021, Plaintiffs filed a supplemental brief in support of the motion for summary judgment.

The court entered judgment granting Plaintiffs' motion for summary judgment on November 22, 2021. The trial court struck several regulations as unlawful delegations of legislative authority, as violative of separation of powers principles set forth in the Missouri Constitution, as violative of the Missouri Administrative Procedure Act, as inconsistent with the public health framework established by Missouri statutes, and as violative of equal protection rights under the Missouri Constitution.

On December 2, 2021, Attorney General Eric Schmitt announced that the State of Missouri ("the State") would not appeal the judgment. On December 7, 2021, the Attorney General sent letters to local public health agencies and public school districts across the State declaring that pursuant to the judgment, "all mask mandates, quarantine orders, and other public health orders that are based on any of the invalidated regulations or issued outside the protections of the Missouri Administrative Procedure Act are null and void." The letters also stated that "[f]ailure to follow the court's judgment may result in enforcement action against you to remove orders the court has determined are unconstitutional and illegal."

3

On December 13, 2021, St. Louis County and Jackson County filed a joint motion to intervene. On December 14, 2021, the Cooper County Public Health Center filed a motion to intervene. On December 17, 2021, the Livingston County Health Center and Jefferson County Health Center filed separate motions to intervene. Intervenors cited news articles to assert that Attorney General Schmitt refused to appeal the judgment contrary to the wishes of DHHS. They sought permission to appeal the judgment.

Plaintiffs and DHHS opposed the motions to intervene. The Attorney General argued that he had the exclusive authority to direct litigation and determine whether to appeal a judgment. The Attorney General noted that Intervenors were not private parties but were instead political subdivisions of the State of Missouri. Intervenors were seeking to intervene as representatives of DHHS for the purpose of pursuing an appeal on behalf of the State of Missouri because the Attorney General would not do so. The Attorney General characterized this as an attempt to circumvent his exclusive authority.

On December 22, 2021, the court denied the motions to intervene. This appeal follows.

## Standard of Review

"A trial court's decision regarding intervention as a matter of right will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. This Court reviews permissive intervention for abuse of discretion." *Breitenfeld v. Sch. Dist. of Clayton*, 399 S.W.3d 816, 837 (Mo. banc 2013) (internal quotation marks omitted). A court's decision regarding whether a motion to intervene is timely is reviewed for an abuse of discretion. *Empire Dist. Electric Co. v. Coverdell*, 588 S.W.3d 225, 241 (Mo. App. S.D. 2019); *Frost v. White*, 778 S.W.2d 670, 673 (Mo. App. W.D. 1989).

## Points I & II: Intervention After Judgment

4

In their first point on appeal, Intervenors claim the trial court erred in denying their motions to intervene as a matter of right. They argue that they meet the requirements of Rule 52.12(a) because their motions were timely, their interests related to the subject matter of the action, and a disposition of the action will impede their ability to protect their interests. Intervenors state that their interests are no longer adequately represented by DHHS because the Attorney General refused to appeal the judgment.

In their second point on appeal, Intervenors claim the trial court erred in denying their motions for permissive intervention. They argue that they meet the requirements of Rule 52.12(b). Intervenors state that their motions were timely and that their defenses have questions of law in common with DHHS.

"Preliminarily, it is important to note that an application for leave to intervene subsequent to trial is unusual and seldom granted." *Frost v. Liberty Mut. Ins. Co.*, 813 S.W.2d 302, 304 (Mo. banc 1991). "Intervention as contemplated by Rule 52.12 is intervention in a pending case." *Id*. "Post-judgment intervention is granted only if substantial justice requires intervention." *Id*. There are "two factors for determination of the issue of timeliness of an application to intervene subsequent to trial." *Id*. "The first is whether substantial justice requires intervention, and the second is whether existing parties to the case will be prejudiced if intervention is permitted." *Id*. "The burden is on the party seeking intervention to show that he has a right to intervene." *Mercantile Bank of Lake of the Ozarks v. Jones*, 890 S.W.2d 392, 394 (Mo. App. W.D. 1995).

The Attorney General's Respondent's brief with this court is focused on whether Intervenors have the authority to intervene or whether the Attorney General has the exclusive authority to represent DHHS's interests. Intervenors argue that their intervention would not usurp any exclusive authority because they are representing their own distinct interests. We need not

5

address this issue, however. Assuming for argument's sake that Intervenors have the legal authority to intervene as requested, substantial justice does not require intervention after judgment in this case.

The declaratory judgment action was pending for eleven months before judgment was entered. It was a highly publicized case and drew the attention of many, including a former director of the Saint Louis University Center for Health Law Studies and the dean of the Saint Louis University College of Public Health and Social Justice. Intervenors argue that they did not seek to intervene until after judgment because they thought Attorney General Schmitt would adequately represent their interests. They state in their brief that it was not until Attorney General Schmitt decided to not appeal the judgment that they became aware that he "was no longer representing DHHS' (and thereby [Intervenor's]) interests in defending existing law." Yet, St. Louis County and Jackson stated in their motion to intervene filed with the trial court:

> Over the past several months, General Schmitt has used the resources of the State of Missouri to pursue myriad lawsuits against local governments and schools in relation to their public health measures. See, e.g., Case Nos. 2116-CV16501 (Jackson Cnty. Cir. Ct.); 2116- CV17899 (Jackson Cnty. Cir. Ct.); 21SL-CC03334 (St. Louis Cnty. Cir. Ct.); 2122-CC09257 (City of St. Louis Cir. Ct.). General Schmitt also attempted to sue every school district in the State of Missouri through a reverse class action. See 21BA-CV02754 (Boone Cnty. Cir. Ct.).

These cases were filed before the judgment at issue in this case. In these cases, Attorney General Schmitt argued on behalf of the State of Missouri that some of the same parties who are now Intervenors in the current case exceeded their authority with respect to mask mandates and the COVID-19 pandemic. It seems disingenuous to argue that intervention must be allowed after judgment because Attorney General Schmitt unexpectedly declined to appeal the judgment.

In *State ex rel. Ashcroft v. Am. Triad Land Co., Inc.*, 712 S.W.2d 62 (Mo. App. E.D. 1986), the trustees of a subdivision tried to intervene after a consent judgment was entered between the

6

State of Missouri and land developers. In affirming the denial of their motion to intervene, the appellate court stated:

> There is no evidence in the record that would lead to the conclusion that "substantial justice" mandates intervention by the appellants. Appellants did not file the intervention pleading until after the consent judgment had been entered. Appellants were aware of the settlement negotiations between the named parties of the suit and even participated in the negotiations. Appellants had ample time to file their intervention pleading prior to the entry of the consent decree to protect their alleged interest in the outcome of the suit.
> Appellants argue that because they were consulted during the settlement negotiations they believed in good faith their interests were protected and that they should have been consulted further prior to the entry of the consent injunction. That appellants were consulted prior to the consent decree emphasizes that they had notice the state's case might be settled, and that, in order to protect their interest, they should have intervened.

*Id.* at 64. We find this reasoning applicable to the current case. *Contrast State ex rel. Mayberry v. City of Rolla*, 970 S.W.2d 901, 907-09 (Mo. App. S.D. 1998) (intervenors after judgment were a necessary party and were unaware that a regulation was held invalid until the parties filed their appellate briefs); *Frost,* 778 S.W.2d at 671-73 (insurance company allowed to intervene after judgment where case was pending for less than two months before entry of judgment and where the trial below "was not an adversary proceeding calculated to result in a dispassionate appraisal of the issues"); *Meyer v. Meyer*, 842 S.W.2d 184, 189 (Mo. App. E.D. 1992) (County permitted to intervene in dissolution case after judgment where guardian ad litem fees were assessed as costs against the county and guardian ad litem garnished county funds because "[n]othing in the record or briefs indicates that County knew before judgment that the GAL fees would be taxed as costs to be paid by County").

The points are denied.

**Points III-IX**

In their third through ninth points on appeal, Intervenors claim the grant of summary of judgment was error for a variety of reasons. Because the trial court's denial of the motions to intervene was affirmed, Intervenors may not pursue an appeal of the underlying judgment. The points are denied.

## Conclusion

The judgment is affirmed.[2]

_____
Anthony Rex Gabbert, Judge

All concur.

---

[2] Because we find no error in the trial court's denial of Intervenors' post-judgment motion to intervene, we need not and do not address whether Intervenors had a right to appeal the denial, which could not have operated to delay the finality of the judgment, or whether denial of the post-judgment motion to intervene, even if erroneous, would have permitted this Court to afford any practical relief in light of the finality of the Judgment. *See Yuncker v. Dodds Logistics, LLC*, 2022 WL 1548013, WD 84645 (Mo. App. W.D. May 17, 2022).